## IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

### AT ATLANTA,

### MARCH TERM, 1859.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

### JOHNSON vs. ANDREWS.

An unsound negro was sold by an administrator, but without warranty of soundness, and without deceit. The purchaser applied for an injunction to prevent the collection of his note given for the purchase money. *Held,* That he was not entitled to the injunction.

In Equity, from Henry county. Decision by Judge CABANISS, at chambers, 30th April, 1858.

This bill was filed by the plaintiff in error to enjoin the collection of a note given by the plaintiff in error to defendant's administrators.

The bill alleges that said administrators sold a negro girl about thirteen years old, as the property of their intestate, at public outcry, and that complainant became the purshaser at and for the price of nine hundred dollars, for which he gave his note payable twelve months after date; that he took a bill of sale, but without warranty of soundness; and there is no allegation in the bill that the admin-

Johnson vs. Andrews.

istrators or heirs at law knew that said negro was diseased. But the bill alleges that at the time of said sale the negro had consumption and other diseases, of which she died in one month and twenty days from the day of the sale, and that she was utterly worthless, and that there was a total failure of the consideration of said note; that suit has been brought against him thereon by the administrators, and that he has pleaded the above facts to said action; that said note when collected will be assets in the hands of said administrators unadministered, or not yet paid over to the heirs at law; and that if compelled to pay the same, complainant will be well nigh ruined, as his means are limited and his whole estate does not much exceed in value the amount of said note. The heirs at law of deceased are made parties defendants with the administrators, and the prayer of the bill is for an injunction, &c.

The Chancellor refused to grant an injunction, and complainant's counsel excepted.

Doyal & Nolan, for plaintiff in error.

Jno. J. Floyd, contra.

By the Court.—Benning, J., delivering the opinion.

Was the court below right in refusing the injunction? We think so. There was no warranty of soundness—no deceit—and if the maxim of caveat emptor, ought not to apply in such a case, is there any case in which it ought to apply?. We do not know of anything to prevent the maxim from applying in the case. All was fair; and when that is so, the sale ought to stand, unless there is a warranty and breach. It is to be presumed that both seller and buyer act upon the belief that the sale is to stand. Not to uphold it would, therefore, be really an interference with the contract of the parties, and with the contract as they themselves understood it.

Judgment affirmed.