ERICK ERICKSON, APPELLEE, V. FIRST NATIONAL BANK OF OAKLAND ET AL., APPELLANTS.

FILED APRIL 5, 1895. No. 6400.

1. Alteration of Instruments: RATIFICATION: PLEADING. Where a promissory note has been materially altered without the knowledge or consent of the maker, and the holder relies upon a subsequent ratification of the instrument by the maker, such ratification must be pleaded in order to be of any avail.

2. Estoppel: PLEADING. The facts constituting an estoppel in pais must be pleaded.

3. Material Alteration of Instruments. The fraudulent erasure of the name of the original payee of a promissory note, after its execution, by a party to the instrument and the substitution of another, without the consent of the maker, is a material alteration.

4. ———: VALIDITY OF NOTE. Such an alteration invalidates the paper as to the maker, who has not assented to, or ratified, the change, even in the hands of a bona fide holder for value.

5. ———: ———: INJUNCTION TO RESTRAIN TRANSFER. A court of equity has no jurisdiction to enjoin the transfer or collection of such a note, since the maker has an adequate remedy at law.

6. ———: ———: ———. The fact that a party is apprehensive that his witnesses by whom he expects to establish his defense

against a note may die or move away, is not alone sufficient ground to enjoin the negotiation of the instrument, since the testimony of witnesses may be perpetuated under the provisions of the Code of Civil Procedure.

APPEAL from the district court of Burt county. Heard below before FERGUSON, J.

See opinion for statement of the case.

*Sears & Thomas,* for appellants:

The alteration of a note in any material part renders it wholly invalid as against a party not consenting thereto, even in the hands of an innocent purchaser. (*Palmer v. Largent,* 5 Neb., 223; *Brown v. Straw,* 6 Neb., 536; *State Savings Bank v. Shaffer,* 9 Neb., 1; *Townsend v. Star Wagon Co.,* 10 Neb., 616; *Davis v. Henry,* 13 Neb., 497; *Barnes v. Van Keuren,* 31 Neb., 165; Randolph, Commercial Paper, sec. 1777.)

The petition contains no allegation and there is no proof of an intention to negotiate the note by indorsement; and since indorsement is necessary to cut off defenses in the hands of third persons, there is no threatened or contemplated act of injury to be restrained and injunction will not lie. (*Britton v. Berry,* 20 Neb., 325; *Camp v. Sturdevant,* 16 Neb., 693; *Doll v. Hollenbeck,* 19 Neb., 639; 3 Randolph, Commercial Paper, 991; *Spangler v. City of Cleveland,* 43 O. St., 526.)

The following cases were also cited by counsel for appellants: *Wise v. Newatney,* 26 Neb., 88; *Dickerson v. Colgrove,* 100 U. S., 578; *Mace v. Heath,* 30 Neb., 620; *May v. Cahn,* 34 Neb., 652.

*H. H. Bowes, contra,* cited: *Watson v. Sutherland,* 5 Wall. [U. S.], 74; *Irwin v. Lewis,* 50 Miss., 362; *Boyce v. Grundy,* 3 Pet. [U. S.], 210; 10 Am. & Eng. Ency. Law, 794; *Ferguson v. Fisk,* 28 Conn., 501; *Hullhort v. Scharner,* 15 Neb., 62; High, Injunctions [2d ed.], secs. 66, 67, 1375;

*Wilhelmson v. Bentley*, 25 Neb., 473 ; *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207 ; *Warren v. Faut*, 79 Ky., 1.

NORVAL, C. J.

This was an action brought by Erick Erickson in the district court of Burt county to restrain the defendants from the negotiation of a certain promissory note executed by the plaintiff and one Erick Munk, and for the cancellation of said note. From a decree in favor of the plaintiff, the defendants have prosecuted an appeal to this court.

The petition sets up two grounds for relief, namely, that the plaintiff was induced to sign the note as the surety for one Munk by the false and fraudulent representations of the latter, and that the note, after its execution, has been materially altered and changed by erasing the name of the original payee and inserting in lieu thereof the name of the First National Bank of Oakland, without the knowledge and consent of the plaintiff. The answer admits that the defendant bank purchased the note, and denies all other averments in the petition. The trial court found that the note had been materially altered, as alleged by the plaintiff, and its decision was placed upon that ground alone.

The proofs in the record show that one Erick Munk, an oculist of the city of Omaha, prior to the month of December, 1892, had made occasional professional visits to Oakland, and on the 2d day of said month he called upon the plaintiff in Oakland and induced him to sign a note as surety in the sum of $1,500, due in six months, and upon the representation of said Munk that he was about to purchase the half interest in the business of one Smith, an oculist and aurist of either Des Moines, Iowa, or Cincinnati, Ohio, and that the note was to be used for that purpose. The note was executed in blank as to the payee, it being agreed that Smith's name should be inserted as the payee when his initials should be ascertained, which Mr. Munk subsequently did, by writing in the name of D. B.

Smith.   Afterwards, without the knowledge or consent of appellee, Mr. Munk erased the name of D. B. Smith and inserted the name of the First National Bank of Oakland as payee.   The note plainly showed that the erasure had been made, and in this condition it was sold by Mr. Munk to the bank, who informed the officers of the bank at the time of what had been done.   It also appears that the appellant Bickman, the president of the bank, went to the plaintiff before purchasing the note and inquired if he had signed a note with Mr. Munk for $1,500.   Erickson replied that he had.   The note, however, was not shown him, nor did he know at the time that it had been altered.   Subsequently the bank notified the plaintiff of the purchase of the note.   There was introduced on the trial evidence for the purpose of showing that the plaintiff ratified the alteration of the instrument after the delivery and negotiation, with knowledge of the circumstances attending the change of the payee, also evidence for the purpose of establishing an estoppel against the appellee.   It is doubtful whether the evidence upon these questions was sufficient to establish either a ratification or an estoppel.   Whether it does or not is wholly immaterial, since no such issues were tendered by the pleadings.   The alteration is specifically set out in the answer.   Whether the instrument had been materially changed after its execution and delivery was raised by the answer, but not so either as to the question of ratification, or whether the plaintiff had been estopped by his acts from denying the validity of the note in question.   If the defendants desired to rely either upon an estoppel or ratification, they should have pleaded in the answer the facts upon which they base such defenses.   The doctrine is plain, and needs neither authority nor elaboration to substantiate.

   It is urged that a partnership was formed between Erickson and Munk for the purpose of purchasing the business of Mr. Smith, and that by reason thereof Munk

44

was authorized to make the alteration. A sufficient an-
swer to this contention is that no partnership is alleged nor
proved.

It is conceded, and there is no doubt of it, that the
fraudulent erasure of the name of the original payee of a
promissory note after its execution by a party to the in-
strument and the substitution of another without the con-
sent of the maker, is a material alteration. The doctrine is
elementary. (*Davis v. Bauer*, 41 O. S., 257; *German Bank
v. Dunn*, 62 Mo., 79; *Stoddard v. Penniman*, 108 Mass.,
366; *Patch v. Washburn*, 16 Gray [Mass.], 82; *Bell v. Ma-
hin*, 29 N. W. Rep. [Ia.], 331; *Cumberland Bank v. Hall*,
1 Halst. [N. J. Law.], 262.) It is equally as well settled
that the material alteration of an instrument invalidates it
as to the maker, who has not assented to or ratified the
change, even in the hands of a *bona fide* holder for value. (See
cases cited above and *Brown v. Straw*, 6 Neb., 536; *Savings
Bank v. Shaffer*, 9 Neb., 1; *Davis v. Henry*, 13 Neb., 497;
*Hurlbut v. Hall*, 39 Neb., 889.) There can be no question
that if suit were brought upon this note against the plaint-
iff he could avail himself of the defense that he had been
discharged by the change of the instrument. The plaintiff
having a complete defense at law, is he entitled to relief
in equity? We think the answer can only be in the nega-
tive. It is a familiar doctrine of equity jurisdiction that
the equitable powers of a court may be invoked by a person
where the relief afforded at law is not plain or is inadequate,
but where the aggrieved party has a full and complete rem-
edy at law, equity will not interfere by injunction. In 10
Am. & Eng. Ency. Law, 792, the rule is correctly summa-
rized in the following language: "If in an action at law the
plaintiff can obtain full and adequate relief, a suit in equity
for an injunction cannot be maintained by him. Nor can
a defendant invoke the aid of a court of equity upon mere
legal grounds, because in such case his defense is available
at law. To entitle the defendant to relief he must have

an equitable defense which is not available at law, or a good
defense at law which, by reason of fraud or accident, with-
out any negligence on his part, he was prevented from us-
ing." The text is sustained by numerous authorities cited
in the note on the same page. Applying the same rule to
the facts in the case at bar, it is obvious that the appellee
is in no position to invoke the interposition of a court of
equity. His defense against the note is a legal one, not
equitable. Full and complete relief can be had at law,
therefore a court of equity will not lend its extraordinary
aid by injunction. If appellee's defense could be cut off
by a transfer of the note to a good-faith purchaser, then
we concede he would be entitled to restrain such transfer;
but, as we have already seen, the note is absolutely void
as to the appellee in whosesoever hands it may come, un-
less there has been a ratification of the change by the ap-
pellee, or he has by his own acts and conduct been estopped
from denying the validity of the instrument.

In *Hullhorst v. Scharner*, 15 Neb., 62, it is held that a
court of equity will enjoin the transfer of a negotiable note
obtained by duress and fraud, and in *Wilhelmson v. Bentley*,
25 Neb., 473, it was ruled that where a negotiable note is
tainted with the vice of usury and the payee is about to
transfer the same to a *bona fide* purchaser, the maker may
enjoin such transfer. These cases are not similar to the
one at bar, for the reason that the transfer of the notes in
the cases mentioned, to an innocent purchaser for value be-
fore maturity, would have cut off all the defenses of the
makers. In such cases the makers have the undoubted
right to take the initiative and enjoin the negotiation of the
notes, since the remedy afforded at law was wholly inade-
quate. Where a negotiable note is about to be transferred
before due so as to cut off the defense of the maker, equity,
at the suit of the latter, will enjoin the negotiation and
order the instrument to be delivered up for cancellation;
but otherwise if the note is non-negotiable. (*Perrine v.*

*Striker*, 7 Paige Ch. [N. Y.], 598; *Morse v. Hovey*, 9 Paige Ch. [N. Y.], 197.)

No authority has been cited in the briefs, nor after diligent search have we been able to find a single case, which holds that a court of equity will assume jurisdiction to restrain the transfer or collection of a promissory note which has been materially changed after its execution; but there are numerous adjudications laying down the rule that equity will not interfere by injunction. (See *Dorsey v. Monnett*, 20 Atl. Rep. [Md.], 196; *Northern Pacific R. Co. v. Cannon*, 49 Fed. Rep., 517; *Johnson v. Andrews*, 28 Ga., 17; *Globe Mutual Life Ins. Co. v. Reals*, 79 N. Y., 202.)

The *American Water-Works Co. v. Venner*, 18 N. Y. Sup., 379, was an action brought for the purpose, among others, of restraining the defendants from bringing actions upon, or transferring, certain promissory notes given by the plaintiff and payable upon demand, the plaintiff claiming the right to set-off or counter-claim the indebtedness of the defendants to it. It was held that a court of equity will not interfere by injunction, since the defense claimed against the notes was as available at law as in equity.

*Grand Chute v. Winegar*, 15 Wall. [U. S.], 373, was a suit in equity by a municipal corporation to enjoin the obligee of certain bonds issued by the corporation from prosecuting suits on such bonds and to cancel the same, on the ground that the bonds were issued without authority and in violation of law. Relief was denied because the plaintiff had a perfect and complete defense to the bonds at law.

It was held in *Allerton v. Belden*, 49 N. Y., 373, that the interposition of a court of equity may be sought when equitable relief exists against the note, unless, from the form of the note, the defense is not available at law. That was an action by an accommodation indorser of a note discounted at a usurious rate of interest to annul the note, suit being brought after the maturity of the instrument, it being

alleged in the bill that the makers were insolvent, that plaintiff had requested the holder to bring an action on the note, and that he declined to do so, but intended to delay action until plaintiff's security became worthless and proof of usury impossible. Relief was denied. The court in the opinion say: "The allegations in his complaint disclose a perfect defense at law to any action which might be brought against him on his indorsement, and no fact is stated showing any necessity for the interposition of a court of equity, or entitling the plaintiff to become an actor in the matter. The mere fact that a party has made an agreement, or given a security which is void for usury, is not, and never was, sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only where from the form of the security the defense cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown."

In *Fowler v. Palmer*, 62 N. Y., 533, it is held that an action cannot be maintained to cancel a note and to restrain the bringing of a suit thereon, or for selling or disposing of a promissory note past due, upon the ground that it has been paid.

*Town of Venice v. Woodruff*, 62 N. Y., 462, was an action to have certain bonds delivered up and canceled, and to restrain the holders from transferring them. The bonds were void even in the hands of a *bona fide* holder. It was decided that the suit could not be maintained. In the opinion of the court it is said: "The cases in which a court of equity exercises its jurisdiction to decree the surrender and cancellation of written instruments are, in general, where the instrument has been obtained by fraud, where a defense exists which would be cognizable only in a court of equity, where the instrument is negotiable, and by a transfer the transferee may acquire rights which the present

holder does not possess, and where the instrument is a cloud upon the title of the plaintiff to real estate.    *    *    * There must exist some circumstance establishing the necessity of a resort to equity to prevent an injury which might be irreparable, and which equity alone is competent to avert.    If the mere fact that a defense exists to a written instrument were sufficient to authorize an application to a court of equity to decree its surrender and cancellation, it is obvious that every controversy in which the claim of either party was evidenced by a writing could be drawn to the equity side of the court, and tried in the mode provided for the trial of equitable actions, instead of being disposed of in the ordinary manner by a jury.    Whether, therefore, the question be regarded as one of jurisdiction or of practice, it is established, by the later decisions that some special ground for equitable relief must be shown, and that the mere fact that the instrument ought not to be enforced is insufficient, standing alone, to justify a resort to an equitable action."

Upon principle we are constrained to hold that plaintiff is not entitled to enjoin the transfer or collection of the note.

It is argued that the remedy afforded at law is not so speedy as in equity, since he must wait the pleasure of the holders of the note to bring suit thereon before he can make his defense, and by that time the witnesses to prove the alteration of the instrument may have died or moved away.    The fact that the bank has failed to bring an action upon the note and that the defense may be lost by reason of his witnesses being scattered, is insufficient to invoke the powers of equity.    We are not aware of any authority which sustains an equitable action upon such ground, and it is not believed that any such can be found.    The appellee has ample authority, under the provisions of sections 421 to 427 of the Code of Civil Procedure, to perpetuate the testimony of his witnesses, even before suit is brought

against him. (*Allerton v. Belden, supra; Minturn v. Farm-ers Loan & Trust Co.,* 3 N. Y., 498; *Globe Mutual Life Ins. Co. v. Reals,* 79 N. Y., 203.)

The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.