C. M. HENDERSON & COMPANY, APPELLANTS, V. C. F.
KEUTZER ET AL., APPELLEES.

FILED OCTOBER 20, 1898.   No. 8341.

Estoppel: PLEADING.  The facts from which an estoppel *in pais* arises,
to be available as such, must be pleaded, at least where there is
an opportunity to so plead.

APPEAL from the district court of Adams county.
Heard below before BEALL, J.  *Affirmed.*

*Cavanagh & Thomas, M. A. Hartigan,* and *Harwood, Ames
& Pettis,* for appellants.

*Capps & Stevens, contra.*

IRVINE, C.

This was a creditor's bill whereby C. M. Henderson &
Co. undertook to subject to the payment of a judgment
against C. F. Keutzer and Henry Trier certain land the
title to which was in Elizabeth Trier, the wife of Henry.
There was a decree for the defendants and plaintiffs ap-
peal.

The essential facts are that Keutzer, June 9, 1890, was
indebted to the plaintiffs in the sum of $871.52, and being
pressed for payment, sought an extension, offering two
notes signed by himself and Henry Trier, due, respect-
ively, July 9 and August 9.' After investigation the
plaintiffs granted the extension and accepted the notes.
Before the first note matured Keutzer, who was engaged
in a mercantile business, failed, and his stock was seized
by mortgagees.  The title to the land in controversy had
for years been in Henry Trier, the surety on the notes.
June 24 he conveyed it to a third person, and by means
of several mesne conveyances it became vested, in July,
in Elizabeth Trier.  It is conceded that there was suffi-
cient evidence to sustain the finding that the land was
bought with money of Elizabeth and that the convey-
ances were not, in the usual sense, voluntary or fraudu-

lent, but were made in execution of the resulting trust. The appellants assert that the uncontradicted proof shows that Mrs. Trier had for years known that the title was in her husband and had suffered it to so remain; that the appellants, before accepting him as surety, made investigation, and finding the title in him accepted the notes, relying on his apparent ownership; that by so doing they lost the opportunity of proceeding against Keutzer until after other creditors had absorbed his assets. A reversal is sought on the sole ground that Mrs. Trier is by the foregoing facts estopped from asserting her right against the claim of plaintiffs.

An estoppel *in pais* is not available unless the facts from which the estoppel arises are pleaded, at least where there is an opportunity to so plead. (*Norwegian Plow Co. v. Haines*, 21 Neb. 689; *Schribar v. Platt*, 19 Neb. 625; *Nebraska Mortgage Loan Co. v. Van Kloster*, 42 Neb. 746; *Erickson v. First Nat. Bank*, 44 Neb. 622; *Scroggin v. Johnson*, 45 Neb. 714.) The petition, after pleading the debt and its circumstances, the recovery of judgment and the transfers which it seeks to avoid, charges that the transfers were made without consideration and in pursuance of a conspiracy to defraud creditors of Keutzer and Trier. It also alleges that "at the time said notes and evidences of indebtedness were made and delivered they were accepted by plaintiffs solely and wholly upon the statement that defendant Trier was worth to exceed the sum of $5,000, which plaintiffs allege to be the fact at that time." This, it will be observed, is only an averment that plaintiffs relied on a true statement by some one not named as to Trier's wealth. The petition was clearly framed upon the theory that the land was Trier's and that the conveyances were fraudulent or voluntary, not on the theory now presented. Mrs. Trier's answer pleads her title and right in detail. To this it might properly have been replied that she was estopped to set up her right, and thereby the petition might be sustained; but the pleader, while evidently at-

tempting to do so, failed.  To demonstrate this it is nec-
essary to quote the whole of the reply.  It is as follows:

"Comes now the plaintiff in the above entitled action,
and for their reply to the separate answer of Henry
Trier and Elizabeth Trier replying say:

"1. They deny each and every allegation in said answer
contained inconsistent with the petition heretofore filed
in said action.

"2. Further replying to the several matters the defend-
ants set out in their answer, these plaintiffs allege that
the said defendants Elizabeth Trier and Henry Trier are
estopped, denied, and in law forbidden to now offer as
a defense the facts set out in the said answer, for the fol-
lowing reasons:  For that for all of the several years,
from the time of the purchase of the said land up until the
time of the said attempted conveyance, the title of the
same was in the defendant Henry Trier, with the full
knowledge and consent of Elizabeth Trier, his wife, now
defendant in the said answer, and with the knowledge
that the said Henry Trier was receiving and had received,
was directing and had directed, upon the strength of such
credit so secured, by reason of his holding the title to the
lands and the reason of the value of the said lands.

"3. The plaintiff herein again alleges each and every
fact as fully as if the same were herein set out at large,
contained in their petition, and again asks for judgment
as in said petition prayed."

The attempt to plead the estoppel is in the second par-
agraph.  After the averment that the title was for sev-
eral years in Trier with the knowledge and consent of
his wife this paragraph becomes unintelligible.  What-
ever the pleader may have intended to charge he cer-
tainly did not charge that Henry's title to the land was
used as a basis for obtaining credit, or that plaintiffs had
relied thereon in extending credit, or that plaintiffs had
altered their position to their disadvantage.  The matter
now relied on was, therefore, not in issue, nor was it
pleaded and admitted.

AFFIRMED.