## McQUEEN v. BANK OF EDGEMONT.

Where defendant did not plead an estoppel either in its original answer or by amendment thereto as a defense to the action, it could not avail itself thereof though the evidence established such defense.

An allegation that certain cattle claimed to belong to plaintiff were included in defendant's mortgage executed by plaintiff's husband and his partner with plaintiff's knowledge was insufficient as a plea of estoppel.

Proof that plaintiff knew that her husband and his partner were mortgaging their own stock having a similar brand to that used by her was insufficient to estop her to assert her right to her cattle run- ning on the same range which were improperly included in the mort- gage.

An objection to a question asked of a witness, in that the evi- dence tended to create prejudice against defendant and sympathy for plaintiff, and was clearly irrelevant was not sufficiently specific.

In an action to recover certain cattle alleged to have been wrong- fully mortgaged by plaintiff's husband and his partner to defendant, declarations made by plaintiff's husband in her absence, to defendant concerning certain of the cattle claimed by plaintiff to be her own which were branded with a different brand from those owned by her husband and his partner, were inadmissible against her.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Fall River County.    Hon. Levi McGee, Judge.

Action by Eva McQueen against the Bank of Edgemont. From a judgment for plaintiff, defendant appeals.    Affirmed.

A. J. Kellar and Chauncey E. Wood, for appellant.

Where the undisputed evidence shows that when plaintiff com--

menced to brand the cattle she now claims to own, (in spring of 1901) with D bar K on left side and K on left side of neck, that the mortgagors, her husband and his co-partner, Barger, had the exclusive right to use the D bar K brand on the left side of cattle, and also knew that they had mortgaged all of the cattle and horses so branded, and knew when each subsequent mortgage was given. that they were mortgaging all of their cattle and horses so branded, and knew that the mortgagee knew nothing of her claim of owner-ship to any cattle or horses so branded, she is now estopped to deny that all of the cattle and horses included in the mortgages to the de-fendant bank was the property of the mortgagors. Gilmer v. Bil-lings, 55 Fed. 775; Empire S. M. Co. v. Faulkner, 55 Fed. 819; John Hagan v. Brooklyn, 52 N. Y. 282; Miller v. Ross, 65 N. W. 562; Sayre v. Thompson, 24 N. W. 383; Deweiler v. Volge, 8. Fed. 600; Corpy v. Dawdell, 47 P. 695; Thompson v. Blanchard, 4 N. Y. 303; 16 Cyc. 764. Irrelevant testimony which tends to create sympathy, or to excite prejudice, should be excluded. 16 Cyc. 1114; Thomas v. Black, 23 P. 1037; Sivon v. Thompson, 56 P. 878; Hutchins v. Hutchins, 98 N. Y. 56. Mannion v. Hagan, 41 N. Y. S. 86; Stearns v. Reiry, 25 N. E. 762; Indianapolis Journal v. Pugh, 33 N. E. 991; Gulf & C. and S. F. Ry. Co. v. Hepner, 18 S. W. 441.

*Eastman & Dudley*, for respondent.

Defendant did not plead an estoppel nor facts sufficient to avail themselves of the doctrine of estoppel. In order for the appellant in this case to avail itself of the law of estoppel it was necessary that an estoppel be pleaded and a failure to plead the same is a waiver thereof. 16 Cyc. 806; Folsom & Co. v. The Star Union Live Fast Freight Line, 6 N. W. 702; Warder v. Bald-win, 8 N. W. 257; McGill v. Rice, 13 Wis. 549-554; Waddle v. Morrell, 26 Wis. 611; Eckenberg et al v. Edwards, 24 N. W. 571; Ind. School Dist. v. Merchants Natl. Bank, 27 N. W. 257; State Kansas City v. East Fifth St. R. R. Co., 140 Mo. 539; Erickson v. First .Natl. Bank, 44 Neb. 622; Burlington & Mo. Riv. R. R. Co. v. James H. Harris, 8 Neb. 140; Henderson v. Kentzer, 76 N. W. 881. Where an objection to evidence could have been obviated upon the trial, if specifically pointed out, an objection which does not specific–

ally point out such objection will be unavailing upon appeal. State v. LeCroix, 8 S. D. 374; Mining Co. v. Noonan, 3 Dak. 184; Ohagan v. Clensworth, 24 Ia. 249; Abbott v. Chaffee, 83 Mich. 256; Howard v. Howard, 52 Kan. 470; McLosky v. Davis, 8 Ind. App. 190; City of Ripon v. Bittel, 30 Wis. 614; Braly v. Reese, 51 Cal. 447; 3 Jones on Evidence, 896.

CORSON, J. This is an action in claim and delivery. Verdict and judgment being in favor of the plaintiff the defendant has appealed.

The defendant seeks a reversal of the judgment upon three grounds: (1) That the plaintiff was estopped from asserting her claim to the property in controversy by reason of her acts and conduct in reference thereto; (2) that the court erred in the admission of evidence on the part of the plaintiff; (3) that the court erred in excluding evidence on the part of the defendant; (4) that the verdict is against law. The complaint is in the usual form alleging that plaintiff was the owner of certain live stock consisting of horses and cattle and that the same were unlawfully detained by the defendant. The defendant denied that the plaintiff was the owner of the live stock described in the complaint and then alleges that in Novmber, 1901, it loaned to McQueen & Barger, co-partners, the first of whom was the husband of the plaintiff, the sum of $2,400, which loan was secured by note and mortgage executed by the said McQueen & Barger upon a number of cattle and horses in Fall River county ,being branded in a similar manner to the property in controversy; that in November, 1902, the said note and mortgage not having been paid were renewed by a new note and mortgage upon the same property with the knowledge of the plaintiff, and that said note and mortgage not having been paid the mortgage was foreclosed in January, 1904, and the property or so much of it as could then be found sold thereunder as provided by law, and the proceeds, amounting to $1,800, applied in part payment of said note and mortgage.

It is contended by the respondent that the defendant is not in position to avail itself of an estoppel on the part of the plaintiff for the reason that it has not pleaded the same as a defense to the action. We are inclined to take the view that this contention of the

respondent is correct and that the defendant not having pleaded an estoppel either in its original answer or by amendment thereto, it is now precluded from availing itself of any such defense even had the evidence in the case established such a defense. The rule seems to be quite uniform that an estoppel to be available to a party must be pleaded when the party has an opportunity to do so. State ex rel Kansas City v. East Fifth Street Railway Co. et al., 140 Mo. 539, 41 S. W. 955, 38 L. R. A. 218; Erickson v. First National Bank et al., 44 Neb. 622 ,62 N. W. 1078, 28 L. R. A. 577; City of Delphi et al v. Startzman et a.., 104 Ind. 343, 3 N. E. 937; Guild v. Richardson, 6 Pick. 364; Gill v. Rice, 13 Wis. 549; Eikenberry et al. v. Edwards, 67 Iowa, 619, 25 N. W. 832; Henderson v. Keutzer et al., 56 Neb. 460, 76 N. W. 881. The contention of the appellant that it pleaded the facts constituting an estoppel is not tenable. As will be noticed the only fact pleaded tending in any manner to constitute an estoppel is that the property in cotroversy was included in the mortgage with the knowledge of the plaintiff. This is not sufficient to constitute an estoppel. This court in Sutton et al v. Consolidated Apex Mining Co., 15 S. D. 410, 89 N. W. 1020, in discussing the subject of estoppel uses the following language: "In order to constitute an estoppel it is not sufficient to show that the language, acts, or conduct of one might have misled a party to his prejudice; but it must affirmatively appeal that such party was in fact misled or induced by such acts ,conduct, or language to do something that he would not otherwise have done except for such acts, language, or conduct."

It will be observed that the answer in this case falls very far short of stating facts necessary to constitute an estoppel as it is there defined and in the case at bar it is extremely doubtful if the plaintiff would have been estopped even had an estoppel been properly pleaded in the answer as the most that can be claimed for the evidence is that the plaintiff knew that her husband and partner were borrowing money from the bank, and securing the same by a chattel mortgage on property having the same or a similar brand to her own, and that the stock so owned by her ran with the stock on the range mortgaged by her husband and partner, but it does not affirmatively appear that she knew that they were including her

stock in the mortgage, or that as a fact her stock was included. Her knowledge therefore that her husband and partner were mortgaging their own stock having a similar brand would not estop her from asserting right to her own property which she claimed was not included in the mortgage. It further appears from the evidence that the cattle in controversy in this action claimed by the plaintiff had an additional brand placed thereon by her, namely, a "K" on the left side of the neck which was not on the cattle owned by McQueen & Barger.

It is further contended by the appellant that the court erred in admitting the testimony of George W. Kime, a witness on the part of the plaintiff, who testified that he purchased some of the cattle of McQueen & Barger with the consent of the bank and that the evidence of this witness tended to create prejudice in the minds of the jury against the defendant, and sympathy for the plaintiff, and was clearly irrelevant. In reply the respondent's counsel contends that the objection to the question was not sufficiently specific to be available to the party on this appeal. The contention of the respondent must be sustained. The rule in regard to irrelevant and immaterial evidence is thus stated by this court in State v. LaCroix, 8 S. D. 369, 66 N. W. 944; "To prevent surprise and enable the court and counsel to deal with an objection understandingly, their attention must be brought directly to the specific point wherein the question is claimed to be irrelevant and immaterial, and, unless this is done no question is presented to an appellate court for review." Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432. As the ground for the objection is not specified the objection must be disregarded on this appeal. It is further contended that the court erred in requiring the witness Paine, over the objection of defendant, to state that other property was subsequently found with the brand of McQueen & Barger, and was sold by the defendant, and the money applied in payment of the mortgage. The objection to that question being the same, as irrelevant and immaterial and no specific grounds stated the objection is not subject to review on this appeal.

It is further contended that the verdict is contrary to law in that it was contrary to the instruction of the court, not excepted to.

The court instructed the jury as follows: "You are further instructed, * * * that if you find from the testimony in this case, that Mrs. McQueen, the plaintiff in this action, was the owner of the horses in dispute, and permitted the brand of her husand, C. G. McQueen, to be placed upon these horses, with no other brand, and permitted these same animals to run with the herd of her husband, C. G. McQueen, and that he placed a mortgage thereon in favor of the defendant bank, and that she knew of the fact, and that the bank took the mortgage without the knowledge of her ownership, even though you find that she was the owner, then I instruct you, gentlemen of the jury, that the defendant is entitled to recover so far as those horses are concerned." The jury evidently did not find the facts as stated in the hypothetical case in the instruction of the court, that McQueen & Barger had included her horses in the mortgage with her consent or knowledge and hence she was not precluded from recovering her property so taken by the defendant in this action. The jury could very properly take this view and in taking this view we are of the opinion they were fully justified by the evidence. The contention therefore that the verdict of the jury was contray to the charge of the court and therefore against law is not tenable.

It is contended by the appellant that the court erred in sustaining plaintiff's objection to the following questions propounded to the witness Paine, the president of the defendant bank: "Did McQueen or Barger ever suggest to you that she (Mrs. McQueen) owned any cattle branded K on the neck? Plaintiff objects to this testimony as hearsay and not binding on the plaintiff. Objection sustained; defendant excepts. Q. Did they say anything about any such brand being on any of these cattle when the mortgage was given? Plaintiff objects to that as hearsay and not binding on the plaintiff. Objection sustained; defendant excepts." We are of the opinion that these objections were properly sustained. The plaintiff was not bound by any statement made by McQueen and Barger to the bank or failure to make statements to the bank in regard to the property not made with plaintiff's knowledge or consent as they were not acting as her agents, and were not authorized in any manner to bind her by their statements or failure to make statements in regard to her property.

Finding no error in the record, the judgment and motion denying a new trial are affirmed.