## WILSON et al. v. GOING.

No. 10834—Opinion Filed Nov. 21, 1922.

(Syllabus.)

**Bastards — Legitimation by Marriage of Parents.**

By the provision of section 4365, Rev. Laws 1910, a child born before wedlock becomes legitimate by the subsequent marriage of its parents, and this is true even though the marriage of the parents takes place after such child attains majority.

Error from District Court, McCurtain County; Chas. G. Watts, Assigned Judge.

Action by Charlie Wilson and others against Lizzie Going to quiet title. Judgment for defendant, and plaintiffs appeal. Modified and affirmed.

Etheridge & Arnett and Connell & Cochran, for plaintiffs in error.

J. Allan Andrews, for defendant in error.

NICHOLSON, J. This action was brought by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, to quiet the title to certain real estate lying and situate in McCurtain county.

The petition alleged that the plaintiffs were the owners of, and in possession of the lands in the petition described; that said lands were allotted to Alexander Wilson, a full-blood Choctaw Indian; that said Alexander Wilson died intestate seized of said lands, and leaving surviving him as his sole heirs at law the plaintiffs, and that each of said plaintiffs inherited an undivided one-sixth interest in said lands; that the defendant, Lizzie Going, claimed and asserted ownership in said lands, the exact nature of which claim was to the plaintiffs unknown; that such claim of said defendant was without right, and that said defendant had no right, claim, or interest in and to said premises; that said claim created a cloud upon the title of the plaintiffs to said land; and prayed judgment quieting the title to said land in the plaintiffs.

The defendant filed answer, pleading that she was the daughter of said Alexander Wilson, and as such was entitled to inherit and share alike with the plaintiffs in the ownership and distribution of said real estate, and any other property of which Alexander Wilson died seized. Judgment was for the defendant, to review which this appeal is prosecuted.

The plaintiffs requested the trial court to make findings of fact and conclusions of law, and tendered certain findings and conclusions to the court. These were refused, and in lieu thereof the court made and incorporated in the journal entry the following:

"(1) Alexander Wilson was a full-blood Choctaw Indian and duly enrolled as such on the final and approved rolls of the Choctaw Nation or Tribe of Indians, and that said Alexander Wilson died intestate in McCurtain county, Okla., on or about the 9th day of December, 1915, seized and possessed of the lands described in plaintiffs' petition.

"(2) That at the time of the death of the said Alexander Wilson, he left surviving him, his wife, Sissy Wilson, nee Sissy Nartlett, his children, Carlo A. Wilson, Raymond Wilson, Simpson Wilson, Charles Wilson, Mary Taylor, and his bastard child, Lizzie Going, the defendant herein.

"(3) That the said Alexander Wilson was married three times; the first time to Liza Wilson, who was the mother of the plaintiffs Carlo A. Wilson, Raymond Wilson, Simpson Wilson, Charles Wilson, and Mary Wilson, and no others; that the said Alexander Wilson was married the second time to Louisa Push, and by said marriage there was no children born; that the said Alexander Wilson was married the third time during the year A. D. 1913, to Sissy Wilson. nee Nartlett, and by said marriage there was no children born after wedlock.

"(4) That the said Lizzie Going, the defendant herein, was a bastard child born out of wedlock, and was never taken into the home of said Alexander Wilson during his lifetime, and never at any time lived in the home of the said Alexander Wilson as one of his children, and that the said Alexander Wilson never at any time acknowledged said Lizzie Going as his child, in writing before a competent witness or in writing in any form, but told Lizzie Going, and her mother after marriage to Sissy Nartlett, that said Lizzie Going was his child.

"(5) That after the said Alexander Wilson had been twice married and raised a family of children by his first wife, and after he was an old man about 75 years of age, and after the said Lizzie Going, defendant, was about 45 years of age, married and had a family of children of her own, and was living with her said family several miles from the home of said Alexander Wilson the said Alexander Wilson married Sissy Wilson, nee Nartlett, the mother of his bastard child, Lizzie Going, the defendant herein.

"(6) The court further finds, as a matter of law, that on the marriage of the said Alexander Wilson to the said Sissy Wilson, nee Nartlett, that the said Lizzie Going, the bastard child of the said Alexander Wilson, became, for all intents and purposes, the legitimate child of the said Alexander Wilson, and on his death inher-

ited a part of his estate, the same as if she had been born in lawful wedlock.

"(7.) That on the death of said Alexander Wilson his property descended to his heirs as follows: To Sissy Wilson an undivided one-sixth; to Carlo A. Wilson, an undivided one-sixth; to Raymond Wilson, an undivided one-sixth; to Charles Wilson, an an undivided one-sixth, to Charles Wilson, undivided one-sixth; to Mary Taylor, an undivided one-sixth; and to Lizzie Going, an undivided one-sixth."

The plaintiffs in error seek a reversal of the judgment upon two grounds: First, that the finding that the defendant is the child of Alexander Wilson is against the weight of the evidence; and, second, that the court erred in holding that the marriage of Alexander Wilson and Sissy Nartlett legitimated Lizzie Going, her bastard child, and gave her the right to inherit, and that because of the marriage of Alexander Wilson and Sissy Nartlett, Lizzie Going was entitled to share in the property owned by Alexander Wilson at the time of his death.

We have examined the record, and find that the plaintiff's first contention is without merit. The evidence fully sustains this finding.

A determination of the second question presented involves a construction of section 4365, Rev. Laws 1910, which reads as follows:

"All children of a woman who has been married, born within ten months after the dissolution of the marriage, are presumed to be legitimate children of that marriage. A child born before wedlock becomes legitimate by the subsequent marriage of its parent."

Counsel for plaintiffs in error insist that the trial court construed this section of the statute to mean that when the mother of a bastard child married, such child thereupon became the legitimate child of the man she married, and insist that this section should not be so construed.

We agree with counsel that such section is not susceptible of the construction claimed. However, we do not think that the trial court so construed it. but rather that he construed this section to mean that a child born before wedlock becomes legitimate by the subsequent marriage of its parents.

Counsel argue that this section clearly shows that the child is not made legitimate of its parents, but only of its parent; that a bastard child has but one parent, its mother, and that the marriage of its mother after its birth makes the child the legitimate child of the mother, and takes away from the child the stigma and ignominy placed

upon it by the common law. We cannot so interpret this provision. We have always been under the impression that every person necessarily has two parents, and that even a child born out of wedlock must of necessity have a father. Otherwise, we do not understand how such a child could have been begotten, and we are unable to understand why the marriage of the mother of an illegitimate child and a man other than the father of said child would render the child legitimate of the mother. In our opinion, the Legislature intended that the marriage of the parents should operate to legitimate their child born before wedlock, and that this section of the statute should be so construed. It is clear to us that a clerical or typographical error crept into this section whereby the word "parent" in the singular number appears instead of the plural number "parents." This conclusion is strengthened by reason of the fact that section 2602 of the Dakota Code of 1887, from whence section 4365, Rev. Laws 1910, was originally taken, reads:

"* * * A child born before wedlock becomes legitimate by the subsequent marriage of the parents."

It seems to us that any other construction would render this provision meaningless. A large majority of the states of the Union have abrogated the common-law doctrine and enacted that a subsequent intermarriage of the parents, followed by cohabitation and accompanied by an acknowledgment of parentage on the part of the father, shall legitimate previous issue. Such statutes, being remedial, should receive a liberal construction, and are generally held to extend to the issue of an adulterous intercourse. 7 C. J. 951.

It is apparent that the legislative intent was to abrogate the common-law doctrine, and establish the rule of the civil and canon law and the rule in force in most of the states, and this intention should not be thwarted by the failure of someone to use the single letter "s."

It is next urged that if it should be held that it was intended by section 4365, supra, to legitimate the children of a woman born before wedlock by the subsequent marriage of the woman to the putative father of such child, and thus make the child capable of inheriting from the father, it was meant that the child should be a minor at the time of the marriage of the mother. No authority to this effect has been cited, and we have searched in vain for some statutory provision or an adjudicated case so indicating. The fact that the defendant was 45 years

of age, married and the mother of children at the time of the marriage of Alexander Wilson and Sissy Nartlett, her father and mother, is immaterial; she was their child born before wedlock, cohabitation followed their marriage, and Alexander Wilson recognized her as his child. We conclude that the defendant was legitimated and was entitled to inherit her proportionate share of the estate of her father.

The trial court found that the estate of Alexander Wilson descended to his heirs as follows: To Sissy Wilson, Carlo A. Wilson, Raymond Wilson, Simpson Wilson, Charles Wilson, Mary Taylor, and the defendant, Lizzie Going, an undivided one-sixth interest each; and decreed that the defendant was the owner of an undivided one-sixth interest in the lands of which Alexander Wilson died seized. Inasmuch as there are seven heirs to said estate, the judgment of the trial court is modified so as to decree to the defendant an undivided one-seventh interest in and to said lands, and, as so modified, said judgment is affirmed.

KANE, JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.