## GAMBILL v. GAMBILL.

No. 17886. Opinion Filed May 15, 1928.

Rehearing Denied Oct. 2, 1928.

(Syllabus.)

**Divorce—Provision for Support of Child—Jurisdiction to Determine Paternity of Child Born Before Marriage.**

In an action for divorce, where the question is properly raised by the pleadings, the district court has jurisdiction to determine whether or not a child born before marriage was a child of the marriage for the purpose of providing for the child's support under section 507, C. O. S. 1921, although it may not appear that the alleged father ever publicly acknowledged the child as his own; and where there is ample evidence to support the finding of the court that the plaintiff was the father of the child, an order providing for the child's support will not be disturbed on appeal.

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by H. N. Gambill against Lucille Gambill for divorce. Judgment for defendant for divorce and support of child, and plaintiff appeals. Affirmed.

L. F. Roberts, for plaintiff in error.

Wilson, Murphey & Duncan, for defendant in error.

FOSTER, C. This is an action by the plaintiff, filed in the district court of Osage county, for a divorce against the defendant, alleging as the grounds abandonment for more than one year, and further alleging that of such marriage no children were born. The petition alleges that the marriage took place on September 8, 1923.

The defendant files her answer and cross-petition, in which she admits the marriage as alleged in the petition, denies the other allegations, and also in her cross-petition prays for a divorce on the grounds of abandonment, but alleging that of such marriage one child was born. The reply is in the nature of a general denial. On the issues thus formed, a trial was had, and the testimony introduced, so far as is necessary

for determination of this action, is to the effect that on January 10, 1923, some eight months before the marriage of the plaintiff and defendant, there was born to the defendant a child, which defendant alleges was the child of this plaintiff, and plaintiff denies the same.

There is ample evidence in the record on behalf of the defendant, showing the relationship between the plaintiff and defendant prior to the birth of the child, to support the court in finding that the plaintiff was the father of the child. However, there is no testimony in the record that the plaintiff ever publicly acknowledged the child as being his, except by his marriage to the plaintiff as above set out. Before the marriage, the defendant had had the plaintiff arrested several times, and there had been considerable unfriendly feeling between the parties. After the marriage, in September, 1923, the plaintiff and defendant did not live together, and on the same day of the marriage the plaintiff paid to the defendant the sum of $1,000, and defendant signed a receipt in which she acknowledged the $1,000 in full payment of all sums due her by reason of the marriage contract, for support and alimony, and for any damage done prior to that date.

On a trial of the case before the court, a judgment was granted in favor of the defendant for an absolute divorce, and further holding that the plaintiff was the father of the child, and adjudging that he should pay the sum of $20 a month for nine years for the support of said child, and thereafter $30 a month for another period of nine years. From the order directing plaintiff to pay said sums for support of the child, the plaintiff appeals.

There are several assignments of error, but the plaintiff in his brief states that there is really only one issue, which is as follows:

Can the court in an action for divorce determine whether or not a child born eight months prior to marriage, and never publicly acknowledged by the father, was the lawful child of the father, and adjudge that the father should pay money for its support?

This seems to be the only question presented, and, according to the brief of the plaintiff, his contention seems to be based upon the proposition that, since we have a statute (C. O. S. 1921, sections 859 to 869), to determine the fatherhood of an illegitimate child and to compel the father to support this child, this is the only method of determining whether or not the plaintiff is actually the father of the child.

The plaintiff in support of his contention argues that, even under the laws of the state of Oklahoma, although the parents are afterwards married, the father must publicly acknowledge the child as his own in order to legitimize the same, and cites in support of his contention the case of Adams v. Adams (Mass.) 13 L. R. A. p. 275; also R. C. L. p. 740; and the case of Reid v. Reid, 98 N. W. 73.

We have examined with diligence the cases cited by the plaintiff herein, and fail to find how they apply to the facts in this case.

Section 8023, C. O. S. 1921, is as follows:

"All children of a woman who has been married, born within ten months after the dissolution of the marriage, are presumed to be legitimate children of that marriage. **A child born before wedlock becomes legitimate by the subsequent marriage of its parents.**" (Emphasis ours.)

It will be noted that there is nothing in this section that requires any public acknowledgment of a child born before wedlock, in order that the same may become legitimate. But, under the facts in this case, even though it be necessary to acknowledge the child by the father, there was sufficient evidence, in our opinion, to show an acknowledgment, although not publicly made.

The defendant testified that, prior to the time of the birth of the child and after its conception, she and the plaintiff discussed her condition many times, and that the plaintiff well knew that she was going to give birth to a child and that the child was his, and that after the birth of the child, the matter was discussed between them on many different occasions, and at no time did he deny the fatherhood of the child, but indicated by all of his conversation and action that the child was his. This testimony, of course, is denied by the plaintiff, but we think her testimony is supported by the fact that the marriage afterwards took place.

The defendant further testifies that plaintiff at no time ever denied the fatherhood of the child to her until he filed his petition in this case, and then only by the petition, and that the first time he ever said in her presence that the child was not his was on the day of trial when he was upon the witness stand.

We, therefore, believe that under the plain provisions of our statute, after the

marriage of these two persons under the facts and circumstances as above set out, this child was a legitimate child of the marriage of the plaintiff and defendant.

Section 507, C. O. S. 1921, is as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support, and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

Was the child, born under the circumstances as above set out, such a child as contemplated by the section last above referred to?

The case of Wilson v. Going, 87 Okla. 265, 210 Pac. 1014, was an action to quiet title to certain real estate, and the principal question involved in the case was whether or not an alleged illegitimate child could recover. The facts in that case were that the father, after the birth of the illegitimate child, married another woman, and had children by her, and after her death married still another woman, and after her death or divorce, at about the age of 75 years, he married the mother of the illegitimate child. The child at the time of the marriage was 45 years old, and was married herself and had a family. The court held that the marriage, even at that late date, legitimized the child so that she was able to inherit from the father. The father in that case, as in the case at bar, never took the child into his home, but the mere fact of marriage, coupled with testimony of other persons that he had acknowledged the child as his own, legitimized her so that she was able to inherit her father's land.

While the two cases are not identical, we believe, in principle, they are similar. In the case of Wilson v. Going, supra, the chief question was whether or not the property passed to the alleged illegitimate child. But in order to determine whether or not the property passed, the court had to receive evidence and determine whether or not as a matter of fact the child was legitimate or illegitimate. We believe the court did not err in admitting testimony in this case to determine whether or not the plaintiff was the father of the child born before wedlock and alleged by the defendant to be the child of this plaintiff.

In our opinion, this finding is further supported by the fact that it is well recognized that the allegation in a petition for divorce, to the effect that there have been children born of said marriage, or that no children have been born of said marriage, is a proper allegation, and certainly a denial of this allegation would put in issue a material fact to be determined by the court. So, in the case at bar, the plaintiff's petition alleged that there were no children. The cross-petition of the defendant alleged that there was one child, and the reply thereto denied this allegation. If these allegations are proper, then the plaintiff would be entitled to introduce the testimony in support thereof.

It is true that section 507, C. O. S. 1921, above quoted, provides that the court shall make provision for the support of "minor children of a marriage," and it may be contended that this child was not born of the marriage, because it was born before the marriage. We do not believe this is a correct interpretation of the statute. Clearly, under the testimony in this case, the court was justified in finding that the plaintiff was the father of this child; that the marriage of the plaintiff and defendant under the facts in this case legitimized the child, and for all intents and purposes the child was, after September 8, 1923, a minor child of the marriage, and for that reason, the court was justified in providing for its support.

There is some contention that there is not sufficient testimony in the record to show that the plaintiff was the father of the child. We have examined the record on this point, and find ample testimony of the relationship between the plaintiff and defendant commencing in September, 1921, and continuing up until July, 1922, and the child was born in January, 1923. The defendant further testifies that she had no improper relations with any other man, and that the plaintiff was the father of the child. There being ample testimony in the record to support the finding of the trial court, the judgment will not be disturbed.

It, therefore, follows that the judgment of the trial court should, in all things, be affirmed.

BENNETT, TEEHEE, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 19 C. J. p. 356, §816; anno. L. R. A. 1916E. 662; 3 R. C. L. p. 740; 1 R. C. L Supp. p. 886; 5 R. C. L. Supp. p. 199; 6 R. C. L. Supp. p. 195.