In the Matter of the ESTATE of Thomas W. JOHNSON, Deceased.

Sandra J. HOGAN and Thomas W. Johnson, Jr., a minor, by and through Mary Ann Johnson, his mother and natural guardian, Appellants,

v.

Lynda Webb GARNETT, a/k/a Linda Rozan Garnett, Appellee.

No. 48477.

Supreme Court of Oklahoma.

Feb. 22, 1977.

Hal L. Grider, Altus, for appellant, Sandra J. Hogan.

Stansell Whiteside, Altus, for appellant, Thomas W. Johnson, Jr., a minor.

Oden & Oden by Tal Oden, Altus, for appellee.

DAVISON, Justice:

This case involves an appeal to review a finding of the trial court which found that appellee, Linda Rozan Garnett, was an heir of the late Thomas W. Johnson. The decision of the trial court was reversed by the Court of Appeals, Div. 1, and Ms. Garnett petitions this Court to grant certiorari and review the Court of Appeals' decision. Although we reach the same result reached by the Court of Appeals, we grant certiorari in order to clarify the state of the law.

In January, 1974, Thomas W. Johnson, while a resident of Jackson County, died intestate. His surviving spouse, Pauline J. Johnson, filed her petition in the District Court of Jackson County for letters of administration. In the petition, she listed herself, two adopted children of the deceased, and Lynda Webb Garnett, her child of a previous marriage, as heirs at law of Thomas W. Johnson, deceased.

The deceased's adopted children, Sarah J. Hogan and Thomas W. Johnson, Jr., filed objections to the issuing of the letters of administration, objecting to, among other things, the listing of Lynda Webb Garnett, a/k/a Linda Rozan Garnett, as an heir of the decedent. At the hearing to determine heirship, the trial court entered an order finding Lynda Webb Garnett to be a child of Thomas W. Johnson, ordering her to be listed as an heir. The finding of facts contained in the order read as follows:

"That Tom Johnson soon after the birth of Lynda Webb Garnett publically (sic) acknowledged and received her as his own into his family and during her school and college years furnished her aid and financial support and introduced her publically (sic) and socially as his daughter, furnished her a job in his place of business and treated her as his legitimate child until the time of his death thereby adopting her as such from the time of her birth."

The Court of Appeals, Div. 1, reversed the decision of the trial court, holding that because Lynda Webb Garnett was born during the marriage of her mother Pauline and Ed Webb, and because during the course of that marriage, Lynda was brought up as a member of the family without disputing her legitimacy, Lynda was presumed to be the legitimate child of Ed and Pauline Webb. Then, the Court of Appeals, citing 10 O.S. 1971 § 3, as amended (which became effective May 1, 1973), held that since more than two years had expired since the birth of the child into the Webb home, the presumption of legitimacy could not be disputed.

10 O.S.1973 § 3, the statute relied upon by the Court of Appeals in holding that the presumption of Ms. Garnett's legitimacy was undisputable, reads as follows:

"The presumption of legitimacy can be disputed only by the husband or wife or the descendent of one or both of them. Illegitimacy in such a case may be proved like any other fact. Provided that if the child is born during the course of the marriage and is reared by the husband and wife as a member of their family without disputing the child's legitimacy for a period of at least two (2) years, the presumption cannot be disputed by anyone."

Until the enactment of the above quoted statute, any husband, wife or descendent of one or both, had a right to rebut a presumption of legitimacy at their leisure. The amended statute, however, limited the right to dispute legitimacy by incorporating the two year limitation. We do not think it was the intent of the statute to deprive any

person of the right to challenge a presumption of legitimacy retroactively. Accordingly, we hold that the effect of the two year limitation does not deprive any party of the right to dispute legitimacy, until the statute has been in force and effect for two years. This being the case, we hold that the presumption of Ms. Garnett's legitimacy could be disputed in the trial court, for the action disputing her legitimacy was commenced less than two years after the enactment of the amended statute.

The general issue raised is whether the trial court was correct in holding that Ms. Garnett was an heir of Thomas W. Johnson.

■ Ms. Garnett's status as an heir is predicated upon her being an illegitimate child of the deceased. Under Oklahoma Law, illegitimate children may only become heirs of their father through the process of legitimation. Proof of illegitimacy and paternity alone is not sufficient. See, *In the Matter of the Estate of John H. Benson, Deceased, Michael Benson v. Gwen Roberson,* Okl., 558 P.2d 384 (1976), 47 OBJ 3009 (1976).

The process of legitimation may take place in any of three ways.

■ First, legitimation may take place by virtue of the subsequent marriage of the parents of a child born out of wedlock, as provided at 10 O.S.1971 § 2, which reads in part:

"A child born *before wedlock* becomes legitimate by the subsequent marriage of its parent[s].[1]"

Although Ms. Garnett's mother and the decedent were married some twenty-five years after Ms. Garnett's birth, their marriage did not legitimate Ms. Garnett, as she was not born out of wedlock. On the contrary, the record undisputedly shows that Ms. Garnett was born during the marriage of her mother to one Ed Webb, who raised Ms. Garnett in his home from her birth for approximately eighteen years, and who was indicated on Ms. Garnett's birth certificate as her father. We note that although the record demonstrates that Ms. Garnett's mother was married to the decedent prior to her marriage to Mr. Webb, the record undisputedly shows that she was born more than eighteen months after her mother's marriage to Mr. Webb. Having been born in wedlock during her mother's marriage to Mr. Webb, Ms. Garnett was not legitimated by virtue of the provisions of the above quoted statute.

■ Secondly, a child may be legitimated by adoption through a public acknowledgement and acceptance, as provided at 10 O.S.1971 § 55, which reads:

"The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The status thus created is that of a child adopted by regular procedure of court."

In an attempt to prove her legitimation by virtue of the above quoted statute, Ms. Garnett introduced the testimony of several people to whom the deceased had introduced her to as his daughter. Additionally, Ms. Garnett testified that she had received some financial support from the deceased while attending college, and that for a short period, she temporarily resided in his home, while a mobile home, rented to her by the decedent, was being readied. We are quick to note that all these actions took place more than twenty-five years after Ms. Garnett's birth, and after she had become the stepdaughter of the deceased. Because at the time of these actions she was the stepdaughter of the decedent, we can give no legal effect to the decedent's actions, for it is common for children and stepchildren alike to be treated in the above described manner. Additionally, Ms. Garnett introduced the testimony of her uncle who testi-

---

**1.** In *Wilson v. Going,* 87 Okl. 265, 210 P. 1014 (1922), this Court held that by virtue of a clerical or typographical error, the singular noun "parent" was included in the statute instead of the intended plural noun "parents."

fied that the deceased had, when Ms. Garnett was approximately two years of age, asked him to take some jewelry to his daughter. Although this was some evidence that the deceased had acknowledged that he was the father of Ms. Garnett to one individual, it does not demonstrate that a public recognition took place. See *Hunter v. Hunter,* 206 Okl. 573, 244 P.2d 1140 (1952).

Thirdly, a child may be legitimated by written acknowledgement in accordance with the provisions of 84 O.S.1971 § 215, which provides:

"Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child and all the legitimate children are considered brothers and sisters, and on the death of either of them, intestate, and without issue, the others inherit his estate, and are heirs, as hereinbefore provided, in like manner as if all the children had been legitimate; saving to the father and mother respectively, their rights in the estates of all the children in like manner as if all had been legitimate. The issue of all marriages null in law, or dissolved by divorce, are legitimate."

In an attempt to show that the deceased, in the presence of a competent witness, had in writing acknowledged her to be his child, Ms. Garnett introduced a hospital admittance treatment form, signed by the deceased, listing her as a daughter. Again, we note that the decedent's actions took place after Ms. Garnett was the decedent's stepdaughter. Accordingly, we can give no legal significance to such listing. Additionally, we would point out that the record does not make it clear as to whether the information on the form was provided by the decedent.

In order to be found an heir at law, Ms. Garnett bore the burden of proving that she was legitimated. Having failed to do this, she did not meet her burden of proof, and the trial court erred in finding that she was an heir.

Accordingly, we reverse the findings and holdings of the trial court and remand the case with instructions to deny Ms. Garnett's right to share in the estate of the deceased.

HODGES, C. J., LAVENDER, V. C. J., and BARNES, J., concur.

IRWIN and SIMMS, JJ., concur by reason of stare decisis.

WILLIAMS, BERRY and DOOLIN, JJ., dissent.