NEWSOM v. HELMERICH & PAYNE, Inc.

No. 29877. April 28, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 55.*

Bruno Miller, of Oklahoma City, for plaintiff in error.

Settle, Monnet & Clammer, of Tulsa, for defendant in error.

DAVISON, J. This case is before us on appeal from the district court of Oklahoma county, where Helmerich & Payne, Inc., brought suit to recover a money judgment for one-half of expenses incurred in testing for oil. Plaintiff was successful, and defendant, Charles F. Newsom, appeals. The parties wil be referred to by their trial court designations.

Defendant was owner of an oil and gas lease in Stephens county, Okla. A well had been drilled on the leased premises to a depth of 3,550 feet which resulted in a "dry hole." Desiring to deepen the well, defendant engaged plaintiff, by written contract, to con-

tinue the drilling to a depth of 4,200 feet. As consideration, defendant agreed to assign to the plaintiff title to an undivided one-half interest in and to the oil and gas mining lease covering the tract upon which the well was drilled, and another tract designated as "Tract 2." The well was deepened, as agreed. Thereafter, plaintiff claims, at the oral instance and request of the defendant, it purchased casing, set and cemented same in said hole, and tested the formations, which tests did not produce oil or gas in paying quantities. The hole was then plugged and abandoned. In carrying out these later operations plaintiff expended a sum of $4,336.96. By the written agreement it was provided that, after the well had reached the contract depth, all subsequent expenses and costs were to be considered as joint operating expenses. Plaintiff's suit is for one-half the expense as reimbursement.

The issue to be decided is whether or not defendant is liable for one-half the expenses incurred by plaintiff after reaching the contract depth of 4,200 feet. It is defendant's contention that his liability was contingent upon his giving written consent to set the casing, which he did not give. He further asserts that he did not waive this requirement, either by requesting or consenting to the work being done, thereby voiding any liability.

The pertinent portion of the contract to the issue involved reads as follows:

". . . . Casing shall not be set in said well without the written consent of owner and said well shall be deemed completed by contractor when a depth of 4,200 feet has been reached, oil and gas or either of them encountered in paying quantities at a lesser depth, impenetrable formations or conditions have been encountered or when casing has been run in said well. Owner agrees to pay promptly one-half of the cost of casing set in said well and of setting and cementing the same. After the well has reached contract depth by reason of the happening of any of the above acts, all subsequent expenses and costs of drilling, developing, operating and producing said leases covering said Tracts 1 and 2 shall, for all purposes be considered as joint operating expense." (Emphasis ours.)

Plaintiff did not contend that written consent was given, but produced testimony tending to prove that defendant had waived the provision requiring written consent. This theory of waiver, defendant contends, was not pleaded; that plaintiff's petition alleged a supplemental oral agreement which was not proved.

Waiver is the intentional relinquishment of a known right. Farris v. Commercial Union Fire Ins. Co. of New York, 176 Okla. 331, 55 P. 2d 432. Plaintiff's petition alleged that defendant orally requested and insisted that plaintiff purchase a string of casing, set and cement same, and thoroughly test the formations encountered; that upon said instance, request, and urging of defendant, plaintiff complied with his desires. It has been held by this court that the doctrine of estoppel or waiver is available when facts constituting the same are pleaded. Nance v. Oklahoma Fire Insurance Co., 31 Okla. 208, 120 P. 948, 38 L.R.A. (N.S.) 426; Edwards v. Central Life Assur. Soc. of United States, 179 Okla. 584, 66 P. 2d 939; also, see Miller v. Modern Motor Co. of Glendale, 107 Cal. A. 38, 290 P. 122. We are of the opinion that plaintiff's petition sufficiently stated facts constituting waiver.

Although the contract provided that casing was not to be set without the written consent of defendant, such a stipulation was subject to waiver. It is said in 12 Am. Jur. 1006:

"It is true that a simple contract completely reduced to writing cannot be contradicted, changed, or modified by parol evidence of what was said and done by the parties to it at the time it was made, because the parties agreed to put the contract in writing and to make the writing part and evidence thereof. The very purpose of the writing is to render the agreement more certain and to exclude parol evidence of it. Nevertheless, by the rules of the common law, it is competent for the parties to a simple contract in writing,

before any breach of its provisions, altogether to waive, dissolve, or abandon it, or to add to, change, or modify it, or vary or qualify its terms, and thus to make a new one. . . . To modify a written contract, an oral agreement must have the essential elements of a binding contract, although it may refer to, and even embody the terms of, the written contract. . . ."

It is well settled that a written contract may be effectively modified by executed oral agreement. Fenner v. Sparks, 170 Okla. 556, 39 P. 2d 27.

Plaintiff cites and relies upon the case of Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okla. 174, 11 P. 2d 521, as being in point and adequate as precedent to sustain its judgment. In that case the Tulsa Terrazzo & Mosaic Company sought to recover from Hunt a money judgment for furnishing labor and material. The Rickard Electric Company intervened, seeking a similar recovery. Defense against the intervener was that under contract provisions no alteration in the work was to be made except upon written order, and that the work and material furnished by the intervener were not included in the general contract. This court held the defense without merit and in paragraphs 5 and 6 of the syllabus said:

"5. Where a contract to remodel and repair a building provided that no extra work should be done without a written order from the architect, and the contractor claimed sums for extra work, and there was evidence as to acts of each of the parties not conforming to such provision, the question of whether the conduct of the parties amounted to a waiver thereof was for the jury.

"6. Where an owner orally directed alterations in a building under construction, which directions were accepted by the contractor, the owner thereby waived the provisions of the contract requiring written evidence thereof to render him liable therefor; and oral evidence was admissible to show such services, and their reasonable value, in an action by the owner on the contractor's bond."

Defendant Newsom asserts that the Hunt Case is not in point for the reason that therein was involved a construction contract which did not contemplate the extra work. However, in comparison, it is noticed that in both cases there is a written contract looking to the accomplishment of a certain object; that in the cited case, as here, the contract contained specific provision against the doing of certain acts without written consent; that in both cases the question of oral alteration of a written contract is the decisive issue. Thus, in all material respects, the two situations are similar and the governing principles are the same.

In proving that defendant had waived the written consent requirement, thereby becoming liable, plaintiff introduced the testimony of William Broadhurst, its general manager, vice president, and treasurer. Mr. Broadhurst testified that when a depth of around 3,900 feet had been reached he had a conversation with defendant, who said that the showing indicated they had a well and that, "We know now we are going to have to run pipe, but I think we ought to go down and test another sand around 4,200." This testimony was objected to because it took place prior to the time the contract depth had been reached. Admission was proper. As was previously stated, a written contract is subject to oral modification. Mr. Broadhurst also told of a telephone conversation with defendant, who said he was looking for pipe and was sure he had enough showing to afford to set the pipe; that after the pipe was bought, defendant, upon being asked to pay his half, replied, "Well, I will pay my half whenever you have to pay it."

J. H. Carmichael, oil well driller for plaintiff, testified that when the well reached a depth of 4,243 feet it was shut down pending defendant's orders, as he had stated he was "going to get a string of pipe to run in this well." On cross-examination the witness testified that the defendant told him he had bought the pipe at Seminole; that it would be up, and to get ready to run casing.

Defendant Newsom denied wanting the pipe set and, on the contrary, testified he told Broadhurst that according to his information the showing didn't warrant setting pipe, and that if pipe was set, it was up to him. As to the purchasing of the pipe, defendant explained that plaintiff called the supply company and he looked at the pipe upon request; did not talk to the company about prices and did not give them an order. There were other conflicts in the testimony of the respective parties. These conflicts presented questions of fact for the jury. Whether the conduct of the parties amounted to a waiver of the contract provision requiring written consent before casing was set was for the jury. Hunt v. Tulsa Terrazzo & Mosaic Co., supra.

Under instructions which were not challenged before the trial court, the jury found for plaintiff. The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur. BAYLESS and GIBSON, JJ., absent. ARNOLD, J., disqualified and not participating.