CHAMPLIN REFINING CO. et al. v. DARO OIL CORPORATION.

No. 31303. Sept. 18, 1945.

*161 P. 2d 855.*

Nathan Scarritt and E. S. Champlin, both of Enid, and R. R. McCabe, of Oklahoma City, for plaintiff in error.

T. Murray Robinson and Edward M. Box, both of Oklahoma City, for defendant in error.

WELCH, J. The real controversy here is between Central No. 4 Oil Company and Daro Oil Corporation. The Champlin Refining Company is not now interested, and we therefore refer to the parties as "Central" and "Daro."

The essential facts are that Central and Daro each acquired leases on lots in two adjoining city blocks in Oklahoma City. Only one well could be drilled in each block on account of existing ordinances and laws. The parties entered into an agreement with Springrose Drilling Company to drill one well in each block. Central and Daro agreed together that Daro should manage and operate the leaseholds, charging to Central its proportionate part of expense.

One of the wells referred to as the Fuller well was completed and became a small producer. The other well known as the Williams well, after going down near the original contracted depth, encountered serious trouble and after some delay, to observe further tendency of the Fuller well, the Williams well was abandoned, Daro making an adjustment with Springrose Drilling Company as to the balance due for drilling the Williams well and the delay money provided for in the original drilling contract.

After some controversy Daro brought this action to recover from Central the

latter's proportionate part of expenses. During the drilling of the wells Daro had from time to time billed Central for its portion of expense, which Central had paid, but after Daro's final settlement with Springrose there remained the claimed balance sued for.

Central was not satisfied with the items of expenditure and contested recovery.

Upon trial a jury was waived and the cause tried to the court. The court found the issues in favor of plaintiff, thereby adjudging that the expenditures were actually made by Daro and in good faith, and that by virtue of the original contract between the parties plaintiff was entitled to recover the sum sued for as the remaining balance due of about $3,600.

On appeal Central first contends that the relationship existing between Central and Daro was that of a mining partnership, but since their relationship was created and controlled by a detailed written agreement, we see no reason to dwell at length upon whether their relationship was or was not a mining partnership.

The chief contention of Central against the judgment is directed against the settlement and adjustment made by Daro with Springrose Drilling Company. Central contends that such settlement was not made in good faith, and was made in violation of the duties which Daro owes to Central by reason of the relationship existing between them as set up by their written contract. Central contends that Springrose did not drill the full depth contracted for, and in effect, therefore, that Daro should not have paid Springrose anything at all, and that Daro should not now recover from Central any part of the payment so made. It is admitted that the original contract with Springrose provided the wells should be drilled to a depth of 6,300 feet. Daro contends that Springrose did drill to 5,680 feet, and that the showing or lack of showing in that well, together with the final re-

sult experienced in the Fuller well in the adjoining block, justified abandonment of the Williams well at 5,680 feet; that the adjustment made with Springrose was an advantageous settlement, resulting in an actual saving of several thousand dollars, and was in complete good faith.

Upon these contentions the parties presented their evidence, and the trial court found the issues in favor of the plaintiff, Daro.

The parties are in disagreement as to whether this action was one for the recovery of money due on contract, and therefore triable to a jury, or whether, on the other hand, it was a suit for accounting between two partners or joint adventurers, and therefore an action of equitable cognizance and triable to the court without a jury. The question is only important in determining whether in reviewing the record we should weigh the evidence.

For the purpose of our determination it is not necessary that we discuss this point at length. Even if the equity rule be applied, we cannot say the judgment is clearly against the weight of the evidence.

Plaintiff's evidence fully disclosed all payments made to Springrose in detail with the reasons therefor. Defendant emphasizes points in evidence as to the condition of the hole made by Springrose and as to some contended identity of ownership of stock in Daro and in Springrose. Those matters appear to have been fully presented to and considered by the trial court in connection with the determination that the payments to Springrose were made fairly and in good faith. Some of the questions here are similar to the issues in Newsom v. Helmerich & Payne, 191 Okla. 34, 126 P. 55, and Crosbie v. King, 192 Okla. 53, 133 P. 2d 543.

The defendant makes several other contentions in reference to matters of evidence and the rule of law applicable

thereto, which we do not find it necessary to discuss.

The determination of the trial court that Central should pay its agreed fractional part of the drilling expenditures is sustained by competent evidence and is not clearly against the weight of the evidence. Affirmed.

GIBSON, C. J., HURST, V.C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.