No. 28,844.

WILLIAM LEWIS REESE, *Appellee*, v. LULU G. REESE, *Appellant*.

(280 Pac. 751.)

Opinion filed October 5, 1929.

*H. W. Hart, Glenn Porter, Enos E. Hook, Edw. H. Jamison* and *Getto McDonald*, all of Wichita, for the appellant.

*A. L. L. Hamilton, R. C. Woodward*, both of El Dorado, *Robert C. Foulston* and *George Siefkin*, both of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The question involved in this appeal is whether or not a decree of divorce granted to the husband on the ground of gross neglect of duty should be set aside as void because the defendant had another husband living at the time of the marriage, from whom she had never been divorced. In other words, can there be a legal separation where there has been no legal marriage or union?

It is contended by the appellant that although a divorce may be granted under our statute "when either of the parties had a former husband or wife living at the time of the subsequent marriage" (R. S. 60-1501), it is in effect not a divorce but an equitable action to formally annul the pretended marriage which was already absolutely void, and as the action was not based on this statutory ground, no other ground would apply because there was no marriage relation to be dissolved and no existing union from which there could be a separation.

The defendant was married in Pennsylvania to one Jack Houk about the year 1886 and separated from him shortly thereafter. The colorable marriage between plaintiff and defendant took place in August, 1891. The plaintiff commenced this action for divorce in

September, 1919, and secured a decree on January 17, 1920, based on the ground of gross neglect of duty and with an entry of appearance by the defendant. The motion of defendant to set aside this judgment as void was filed October 20, 1928. The motion contains the additional ground of fraud, but that has not been pressed by the appellant. The trial court overruled the motion, from which order this appeal is taken.

Other facts as to the good faith of the defendant in believing she had been divorced, and the knowledge of the plaintiff of all the circumstances before the pretended marriage, are in the record, but we do not see how they can affect the result of this case.

This court held in the case of *Fuller v. Fuller*, 33 Kan. 582, 7 Pac. 241:

"That a marriage, where one the parties at the time has a husband or wife living, is void, absolutely and in all its aspects, we suppose no one will question. It requires no judgment of divorce or of nullity to render it void. It is void inherently and from the beginning. Under our statutes, however, for prudential reasons, the innocent party is allowed, if he or she chooses, and by an ordinary action for divorce, to have the supposed or colorable marriage set aside and annulled." (p. 585.)

In that case the plaintiff alleged the additional ground of extreme cruelty, but later by leave of court withdrew it.

The issues in the case of *Werner v. Werner*, 59 Kan. 399, 53 Pac. 127, although framed as a divorce action, were held by the court to be only for annulment of a void marriage. The decision in that case was made upon that basis following the ruling in the Fuller case, *supra*, and mostly concerned the rights of property.

The logic of the appellant is sound, if divorce means dissolution, but the very inclusion in our statute of the first ground—that of having another husband or wife living—disturbs and refutes that as the sole purpose of divorce. Under that ground of our statute parties can be divorced who were never legally joined in marriage. And while it may not be in fact a dissolution or separation, it is a divorce under our statute upon one of the ten grounds that are grouped together, without distinction as to results. This confusion of terms and the usual meaning thereof is well expressed in section 166 of the work on Marriage and Divorce by Keezer (2d ed.) as follows:

"Although the term 'divorce' is sometimes used to designate a suit for the annulment of a marriage, it is generally conceded that such use is a mis-

nomer. There cannot possibly be a decree of divorce or a change in the legal status where no marriage existed, while a suit for annulment determines what the status of the parties is without changing it. 'Divorce means a dissolution of the bonds of matrimony based upon the theory of a valid marriage, for some cause arising after the marriage, while an annulment proceeding is maintained upon the theory that, for some cause existing at the time of marriage, no valid marriage ever existed.'

"Various legislatures, however, have not made this distinction and have provided for 'divorce' where common-law reasons for 'nullity' exist, frequently making no distinction except in the form of relief granted and not always in that particular."

In 38 C. J. it is said:

"The judicial or legislative termination of the marital relation may be effectuated by a divorce of the parties or by an annulment of the contract and status." (p. 1347.)

In 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (6th ed.) the modification and transition in the use and application of these terms is stated as follows:

"Proceedings for annulling a marriage have one obvious distinction from actions for divorce in that the latter is predicated on a valid marriage while an action for annulment presupposes that the marriage is void or voidable. The latter is based on facts existing at the time of the marriage, while an action for divorce is necessarily based on matters occurring since marriage. But neither legislators nor the courts in these times adhere to so strict a distinction." (§ 1153.)

As stated in the opinion in the Fuller case, *supra,* this elimination of literal distinction is probably encouraged "for prudential reasons."

We therefore conclude that a decree of divorce is not void when granted upon other grounds under our statute than that of having another husband or wife living at the time of the subsequent marriage, although such subsequent marriage may be admittedly illegal and absolutely void.

In order for the appellant to set aside the judgment giving the plaintiff a decree of divorce on the ground of gross neglect of duty, she must show that it was void or rendered without jurisdiction of the person of the defendant or the subject matter.

The allegations as to residence and the entry of appearance of the defendant establish the jurisdiction of the person of the defendant, and the district court unquestionably has jurisdiction of the subject matter of divorce actions. After jurisdiction is once obtained, whatever follows is in the exercise of that jurisdiction. Such proceedings

may be irregular and voidable, but they do not make the judgment void. The court has the right to hear the evidence and decide the questions involved. If all the allegations of the petition were false, except those of residence and other jurisdictional matters, and the evidence supporting such allegations was false and the decision based thereon was wrong, still the judgment would not be void for want of jurisdiction. (*Blair v. Blair*, 96 Kan. 757, 153 Pac. 544; *Bank v. Prescott*, 60 Kan. 490, 57 Pac. 121.)

It is not claimed that Butler county was not the proper county in which action should have been brought, or that the petition does not state facts sufficient to constitute a cause of action for divorce. And under such circumstances and in the absence of fraud and with jurisdiction of the person and the subject matter, the judgment is not void.

The ultimate purpose of this motion and appeal is, of course, to determine the rights of property in one of the ways outlined as appropriate under such circumstances. The petition alleged: "That the plaintiff and the defendant have heretofore settled their property rights and made a division of their property to the satisfaction of the defendant herein," and the journal entry of judgment finds "That the allegations contained in plaintiff's petition are true." The appellee cites many cases on the question of alimony, the effect of a decree of divorce as to property rights and the equitable distribution of jointly accumulated property under such circumstances as exist in this case, and outside of the record both parties refer to the fact that another case is pending in a different jurisdiction between the same parties awaiting the conclusion of this appeal. There are no matters before us in this case that would justify our extending this opinion to cover the question of property rights.

We sustain the trial court in overruling the motion to set aside the decree of divorce, and thereby uphold the decree of divorce as valid and binding.

The judgment is affirmed.