### EDWARDS v. CENTRAL LIFE ASSUR. SOCIETY.

No. 24586.   Dec. 8, 1936.

Rehearing Denied April 13, 1937.

O. J. Roberts and D. M. Battenfield, for plaintiff in error.

Robson & Moreland and Stuart & Doerner, for defendant in error.

PER CURIAM. ·We will refer to the parties as they appeared in the court below.

On February 13, 1931, the plaintiff instituted its action in the district court of Rogers county to foreclose a real estate mortgage and recover personal judgment against the defendant.

Thereafter, on October 6, 1931, the plaintiff filed its amended petition alleging in substance that on the 14th day of August, 1923, Ellen McAndrews and John F. McAndrews, her husband, executed their promissory note to Finerty Investment Company in the sum of $7,700, due November 1, 1930, with 6 per cent. interest evidenced by interest notes due annually and secured by mortgage on lands situated in Rogers county. On October 12, 1923, Finerty Investment Company assigned the note and mortgage to plaintiff, without recourse.

At the same time that the above-mentioned note and mortgage were executed, the mortgagors executed to Finerty Investment Company a note for $1,078, secured by a second mortgage on the same land, due November 1, 1926. Owing to default in the payment of interest on this second mortgage, the Finerty Investment Company brought suit and recovered judgment on June 5, 1925, against Ellen McAndrews and husband for the amount of the note and foreclosure of the mortgage. No sale was had under this judgment, but one John K. Kirsch entered into a contract with Finerty Investment Company on January 19, 1926, by which he, Kirsch, executed his note to Finerty Investment Company for the amount of the judgment, etc., in approximately the sum of $1,-125, whereupon Finerty Investment Company released and discharged the judgment it obtained against the McAndrews. On the same day (January 19, 1926) that Kirsch executed his note to Finerty Investment Company, he, Kirsch, became the owner of the lands on which plaintiff held the mortgage by warranty deed from McAndrews and wife, subject to the outstanding mortgage indebtedness.

The amended petition then recites that on March 5, 1928, Kirsch and wife conveyed the lands to defendant, R. J. Edwards, by warranty deed, which contained an express covenant assuming and promising to pay the debt of plaintiff, and that the consideration moving between the parties was the agreement of Finerty Investment Company to discount about $200 of the indebtedness which was owing to it by Kirsch, and that in consideration of such discount, defendant, Edwards, orally agreed to pay the debt due to plaintiff. The amended petition also recites that defendant, Edwards, paid $200 to the plaintiff on February 7, 1931. (The note due plaintiff matured November 1, 1930.)

To the amended petition, defendant filed answer alleging in substance that he is not personally indebted to plaintiff; denies that he at any time entered into the oral agreement to pay the debt; denies that he was a partner with Kirsch in any transaction by which Kirsch executed his note to Finerty Investment Company, and the procuring of the conveyance of the land from the McAndrews to Kirsch; denies knowledge of the contents of the deed from Kirsch and wife to himself carrying with it the assumption until more than two years after its execution; denies delivery to him of this deed; alleges that the assumption clause was inserted by Finerty Investment Company without the knowledge or consent of Kirsch; alleges that Finerty recorded the deed at its own expense and kept same in its possession for more than two years; and alleges that he, Edwards, has never accepted such deed; denies that he was a party to any agreement to discount the Kirsch note owing to Finerty Investment Company; alleges that he furnished Kirsch with the $900 to pay the note by an agreement with Kirsch to cancel this and other sums owing by Kirsch to Edwards and receiving a one-half interest in the lands, subject to plaintiff's mortgage. The defendant admits the payment of $200, as alleged, on February 7, 1931, and generally denies the existence of the oral contract by which he became obligated to pay the debt.

To this answer, the plaintiff replied by a general denial.

Upon the issues thus joined, the cause came on to trial, the plaintiff introducing evidence to sustain its position that an oral agreement existed by which, for a good consideration and for its benefit, defendant, with full knowledge of the various transactions previously had, became personally liable to pay the debt. In support of its testimony, evidence was introduced showing alleged

payment of interest by defendant, the execution by defendant of an oil and gas lease on part of the land, and a payment by defendant to secure an extension of the loan after its maturity. On the other hand, defendant introduced testimony in support of the allegations of the answer and flatly contradicted the testimony of plaintiff and offered explanations of the payments made, the letters written, and the matter of the oil and gas lease. The issue raised by the pleadings was confined solely to the existence of an oral agreement (with adequate consideration therefor), by which defendant assumed the debt, and upon this issue all conversations, writings, acts, and conduct of the several parties involved in the various transactions were properly admitted in evidence. The ultimate fact to be determined from the evidence so introduced was whether or not such oral agreement existed, and in determining same each of the parties was permitted to state what was said, what was done, what knowledge or lack of same defendant had relative to the matter, in what manner defendant exercised possession or control over the subject-matter, and every circumstance attending the entire dealings over the period of years through which the relation of the parties extended. The issue to be decided was whether defendant was to be held personally liable by reason of the oral agreement.

At the conclusion of the trial each of the parties moved for a directed verdict. The motion of plaintiff was sustained, and over defendant's objection and exception the learned trial court directed the jury to return a verdict favorable to the plaintiff, stating as his reason that the defendant was estopped from denying the assumption of the debt, even in the absence of an oral agreement to so assume same, because of the payment made for an extension of time and the execution of the oil and gas lease by defendant after he knew the terms of the deed containing the assumption.

Several assignments of error are presented by this appeal, but, as we view the matter, only one is necessary for our determination. Assignment of error No. 1 urges as error the action of the trial judge in directing a verdict for the plaintiff.

While in some jurisdictions, where each party requests a directed verdict, it is the duty of the court to pass upon the merits and render judgment, no such rule is followed in Oklahoma. See J. R. Watkins Co. v. Miller, 176 Okla. 20, 54 P. (2d) 314. In that case this court states the rule:

"In the trial of a jury case, where the evidence introduced at such trial was in conflict upon a material issue, it was error for the court to take such case from the jury and decide the issues itself."

In Mid-Continent Life Insurance Co. v. Tackett, 149 Okla. 147, 299 P. 862, this court says:

"In the trial of a jury case, where the evidence of the plaintiff and defendant was in conflict upon a material question, it was error for the court to give a peremptory instruction to the jury over the objection of the losing party."

In the case of Gamble v. Riley, 39 Okla. 363, 135 P. 390, this court says:

"Where issues of fact are presented by the pleadings and supported by evidence, and the facts are disputed or the credibility of the witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from the facts proven, the case, under proper instructions, should be submitted to the jury, and it is reversible error in such case to sustain a motion to direct a verdict."

In Farmers Union Co-op. Gin Hollis, 151 Okla. 134, 2 P. (2d) 951, it is held:

"Where there is evidence tending to sustain plaintiff's issues and defendant's evidence conflicts therewith, determination thereof is question for the jury."

In the case of Katterhenry v. Williamson, 78 Okla. 221, 190 P. 404, this court says:

"Where there is evidence reasonably tending to sustain the issues on the part of plaintiff, and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury."

It is needless to cite the many cases decided by this court which follow the above rule.

It is only where all reasonable men can draw but one inference from the undisputed facts that the question to be determined is one of law for the court and not of fact for the jury. See Rogers v. O. K. Bus & Baggage Co., 46 Okla. 289, 148 P. 837, Ann Cases 1917B, 581; City of Durant v. Alley, 67 Okla. 1, 168 P. 205; Meyers v. Caruthers, 83 Okla. 131, 200 P. 212.

Measured by the rules above stated, we are of the opinion that the record discloses a sharp, if not irreconcilable conflict and dispute upon a material issue—the execution of the oral agreement by which defendant assumed the plaintiff's debt. Until the parties rested the case was tried and evidence introduced to establish the oral contract by the plaintiff and vigorous denial by

the testimony of defendant. All the acts, agreements, and conduct of each of the parties were presented to the jury in order that the ultimate fact could be determined. It became necessary that the jury weigh the evidence, determine the credibility of the witnesses and the reasonableness of the testimony, and on proper instruction by the court settle the dispute. In determining the issue it was proper that the jury shou'd consider the nature of the transactions, the interest of the parties therein, the reasonableness of the testimony, and to that end the testimony was introduced for the jury's consideration. The issue joined by the pleadings was that of the existence of an oral agreement on the part of the defendant to assume the debt due to plaintiff.

But in sustaining plaintiff's motion for a directed verdict, the court disregarded the issue upon which the case was tried and based its judgment on the law of estoppel. The plaintiff made no request of the court that its petition or reply be considered amended to conform to the facts, nor was the issue of estoppel otherwise affirmatively pleaded. It is well settled that estoppel must be sufficiently pleaded before it becomes available to the party relying thereon.

As we view this case, the evidence of payments made by the defendant, the execution of the oil and gas lease, the extension of the note after maturity at defendant's request, and any other evidence offered was only for the purpose of showing a ratification of the oral agreement, and if an issue had been presented based thereon, it was the duty of the court to submit by proper instructions all evidence 'adduced by the parties to enable the jury to determine that issue. But no facts were in issue in the pleadings to justify the court in holding that the defendant was estopped to claim nonliability by reason of the ratificátion of alleged unauthorized acts of the plaintiff.

This court has stated the rule in the case of Wayne County National Bank v. Kneeland, 61 Okla. 265, 161 P. 193, as follows:

"Plaintiff also insists that by making certain payments on the notes—some of which were applied to the satisfaction of interest at the rate of 8 per cent. per annum—and by retaining possession of the horse, for the purchase price of which the notes in suit were given, defendants waived the right to rely upon an alteration of such notes, and must be held to have ratified and adopted the same as altered. It will be noted, in this regard, that neither in its petition nor reply did the plaintiff plead any facts or circumstances tendering such issue of ratication or estoppel. Recovery was sought on the notes in their original, unaltered form, as they were alleged to have been executed by defendants. The alteration thereof was specifically set forth and relied upon as a defense in the answer, and was denied by the reply. There was no offer by the plaintiff at the trial to amend the petition or reply so as to present the question of ratification or estoppel. And in its brief plaintiff states:

" 'The only question presented to the jury was whether there had been a material alteration of the notes after their execution and delivery to Bell Bros.'

"In 1 R. C. L. 1050, it is stated:

" 'if the holder of an instrument materially altered without the knowledge or consent of the maker relies upon a subsequent ratification by or estoppel in pais against, such maker, the ratification or estoppel must be pleaded.'

"We regard this as a correct statement of the rule applicable. Capital Bank v. Armstrong, 62 Mo. 59; Erickson v. Bank, 44 Neb. 622, 62 N. W. 1078, 28 L. R. A. 577, 48 Am. St. Rep. 753.

" 'In order for a party to avail himself of the doctrine of estoppel as constituting a part of his cause of action or defense, he should plead the facts constituting the estoppel.' Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 P. 948, 38 L. R. A. (N. S.) 426."

From a careful examination of the record, we are of the opinion that the court committed error in directing a verdict for the plaintiff, and for that reason the judgment is reversed, with directions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys G. A. Paul and C. B. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Paul and approved by Mr. Cochran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.