BLAKENEY et vir v. HOME OWNERS' LOAN CORPORATION.

No. 29868. March 2, 1943.

*135 P. 2d 339.*

B. B. Blakeney, Jr., of Oklahoma City, for plaintiffs in error.

A. M. Frazier, of Dallas, Tex., O. K. Wetzel and Hardin Ballard, both of Oklahoma City, and Scott Hendon, of Shawnee, for defendant in error.

BAYLESS, J. Lena Blakeney and husband made a written contract, dated early in 1932, to sell certain real estate to R. R. Ashford and wife, and placed an executed deed in escrow to be delivered to Ashford according to the terms of the contract. The deed was dated March 25, 1932. Blakeneys placed Ashfords in possession. Shortly thereafter Ashfords obtained delivery of Blakeneys' deed from the escrow holder and recorded it. In the months of April, May, and June, 1932, Ashfords executed three mortgages on this property, and executed a mineral lease. Ashfords applied to HOLC for a loan, the note and mortgage being dated June 21, 1934, and mortgage recorded June 29, 1934. In August, 1932, Ashford represented to Blakeneys that the deed theretofore executed was incorrect and deficient in description, whereupon Blakeneys executed a correction deed and sent it to the escrow holder to be governed by the previous escrow instructions. This correction deed is dated August 6, 1932, and shows it was recorded the same day. Blakeney's testimony as to whether he knew the first deed had been delivered before the correction deed was made is contradictory.

Beginning in 1934, in other litigation, Blakeneys were endeavoring to cancel Ashfords' deed and to quiet title, but HOLC was not a party to the litigation.

In 1939, HOLC began this action to foreclose its mortgage, and Blakeneys, being made parties, seek to defeat the mortgage and to quiet title to the land. HOLC set out that it was in the position

of an innocent purchaser, for value and without notice, and that it relied on the record title and Ashfords' possession.

The trial court rendered judgment establishing HOLC's mortgage as a paramount lien, and quieted Blakeneys' title subject to that lien.

Blakeneys appeal and assert that under our decision in Clevenger v. Moore, 126 Okla. 246, 259 P. 219, and later our decision in Home Stake Royalty Corp. v. McClish, 187 Okla. 352, 103 P. 2d 72, HOLC, a purchaser for value without notice, has no paramount claim or equity over them, because there was no delivery of their deed. The decisions cited hold that a deed placed in escrow, to be delivered on stated conditions, that is delivered contrary to the stated condition is not effectual against the maker, even as to innocent purchasers.

HOLC tacitly recognizes these decisions and argues they are contrary to the general rule and contrary to other decisions of this court, and assert there are recognized exceptions thereto based on ratification and estoppel. Hawkins v. Howard, 167 Okla. 480, 30 P. 2d 696, and other Oklahoma decisions.

We think the decisions cited and relied on by Blakeneys apply here and control, and that HOLC, even though an innocent purchaser, cannot prevail against Blakeneys under the facts shown by them, which HOLC does not controvert, that there was a wrongful delivery of their deed.

HOLC argues that the record clearly shows facts upon which Blakeneys can be said to have ratified the delivery of the deeds and to be estopped to attack its lien.

There is considerable evidence in the record on this point, but, as Blakeneys point out, HOLC did not plead estoppel, it was not an issue, and evidence in the record from which estoppel could be inferred and adjudged cannot be used for that purpose.

We agree. The rule in Oklahoma is that estoppel is an affirmative plea, it must be pleaded, and evidence thereof is not available where there is no issue of estoppel in the pleadings. Home Stake Royalty Corp. v. McClish, supra; Skirvin v. Skirvin, 177 Okla. 480, 60 P. 2d 765; Edwards v. Cent. Life Assur. Soc., 179 Okla. 584, 66 P. 2d 939, and other cases.

The judgment of the trial court in favor of HOLC, based on the assumption it was an innocent purchaser, cannot be sustained in law and must be reversed; and its argument based on estoppel cannot be considered because it is not thus far an issue in the pleadings.

Judgment reversed and cause remanded for further proceedings.

GIBSON, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur. CORN, C.J., and WELCH, DAVISON, and ARNOLD, JJ., dissent.