## KIRK v. KIRK.

No. 34274.   Dec. 11, 1951.

*238 P. 2d 808.*

George W. Gay and J. K. Wright, Oklahoma City, for plaintiff in error.

Darwin Frayer and Cecil Rote, Oklahoma City, for defendant in error.

GIBSON, J. This is an appeal from a judgment rendered after a hearing had on a citation issued in child support proceedings following a divorce trial. The parties will be designated as they appeared in the trial court.

On July 10, 1947, plaintiff was granted a decree of divorce from defendant in the district court of Oklahoma county wherein the court found that it had jurisdiction of the parties and the subject matter of the action and that the parties were married, as alleged in the petition; that defendant had been guilty of extreme cruelty towards plaintiff and plaintiff was without fault. The bonds of matrimony were dissolved and the care, custody and education of the children "of the parties" was confided in the plaintiff and defendant was ordered to pay to plaintiff as her reasonable child support the sum of $30 payable monthly. Defendant did not contest this action.

Thereafter, on March 22, 1949, plaintiff filed her application for citation for contempt setting forth that defendant had paid only the sum of $7 since the decree.

John and Carrie Kirk were married February 4, 1935. Two children were born of that marriage and at the time of the trial the girl was eleven years old, the boy eight.

In the fall of 1938 the parties were living in Anadarko. Defendant, who was a taxicab driver, lived with his wife across the street from a cafe where plaintiff was employed as a waitress. She knew that defendant was a married man. Plaintiff and defendant began having dates together, which conduct continued up to July, 1939. Defendant and his wife, Carrie, quarreled and defendant went to Arizona and then to California. He returned in 1940 and became reconciled with his wife. They later moved to Oklahoma City.

In April, 1943, defendant again met plaintiff. She was then employed in Oklahoma City. They again began having dates together. There were numerous quarrels between plaintiff and defendant and between defendant and his wife, Carrie, and upon several occasions defendant and his wife separated.

Two children were born to plaintiff out of wedlock. The first, born January 2, 1940, and its birth certificate has the surname "Harris". She testified that Eldon Harris, named as its father, was a fictitious name. The second child was born in September, 1945. Plaintiff testified defendant was the father of both of her children. Defendant denied that he was the father of either child.

In October, 1946, defendant, who was then living in El Paso, Texas, obtained a Mexican divorce in the Civil District of Bravos, State of Chihuahua.

In December, 1946, defendant returned to Oklahoma City. On January 2, 1947, plaintiff and defendant were married at El Reno, Oklahoma. On July 10, 1947, plaintiff was granted the divorce decree in the action at bar. On May 6, 1948, plaintiff and defendant were again married. In the latter part of the same year plaintiff filed another action for divorce from defendant. That action was contested by defendant, and on February 8, 1949, a trial was had. The evidence and decree in that case was admitted in evidence here. The decree entered by the same trial judge who tried the case at bar contained the following order:

"It is therefore ordered, adjudged and decreed by the Court that the purported marriage relation existing between the plaintiff and defendant herein be and the same is hereby terminated for the reason that the defendant, John A. Kirk, was and is legally married to Carrie Kirk, and the plaintiff herein at all times had full knowledge of the existence of said marriage; and it is further ordered that said marriage relation is null and void, and that this Court is without jurisdiction in this action to enter an order as to the custody of the children of the plaintiff herein."

At the conclusion of the trial on the citation proceedings before us, the court entered judgment denying plaintiff's application for citation but ordered defendant to pay $30 per month as child support for plaintiff's minor children.

Defendant's motion for new trial was overruled and this appeal followed.

The Mexican divorce obtained by John Kirk in 1946 was void. If that be true, then he had a lawful wife in Oklahoma on both occasions when he married the plaintiff.

The Mexican divorce was void because that court had no jurisdiction to render its decree and for the further reason that a fraud was practiced upon that court in order to obtain the decree.

Undisputed evidence in the case at bar shows that although John Kirk was corresponding with his wife, Carrie Kirk, in Oklahoma every week, and knew her address, she was never served with summons or notice of any kind of the proceedings in Mexico and she had no knowledge thereof. During all his stay in El Paso, John was contributing to the support of his wife and children.

The defendant lived in El Paso, Texas, from November, 1945, to December, 1946. He testified that he went into Mexico to get a divorce, but nowhere in the record does it appear that he ever established a residence or domicile in Mexico. Carrie Kirk, his wife, had a domicile in Oklahoma.

In the case of Kegley v. Kegley, 16 Cal. App. 2d 216, 60 P. 2d 482, it was said:

"A foreign divorce obtained through assumed residence is not in good faith, and is open to attack in the state of the true matrimonial domicile, and the parties sought to be bound by it may always impeach its validity and escape its effect by showing that the courts which rendered it had no juris-

diction over the parties or the subject matter of the action, and its jurisdiction may be controverted by extraneous evidence."

Many cases are cited in support of this holding. In a later case, Marshall v. Marshall, 69 Cal. App. 2d 20, 157 P. 2d 854, the California court held that no rule of comity required recognition of a divorce decree rendered in another state where the court of that state lacked jurisdiction.

In Brasier v. Brasier, 200 Okla. 689, 200 P. 2d 427, we held that actual bona fide domicile in the state where the divorce trial is held is a prerequisite to the jurisdiction of that court and this being true the factual existence of such domicile may be collaterally inquired into in this state where such decree is sought to be used. We further held that such inquiry into jurisdictional facts was not precluded by the full faith and credit clause of the Federal Constitution.

It is not necessary that the divorce decree be declared void and set aside. It is sufficient that the proof in this record shows that defendant was never legally divorced from his wife Carrie to establish that the trial court had no jurisdiction to grant the subsequent prayer for child support, which relief, under the pleadings in this case, could be granted only as relief incidental to the dissolution of a valid marriage.

Following argument of defendant's demurrer to the evidence and in rendering his judgment the trial court said:

"All right, then, it is ordered and adjudged by the Court that the defendant, John Kirk, is estopped to deny the parentage of the two children of Nell Thomas Kirk, by reason of his actions and conduct in the various marriages and judgments entered heretofore, as reflected on the record, and the defendant is found not guilty of being in wilful contempt of court by having heretofore complied with the order made on July 10, 1947, and upon oral motion of the plaintiff in open court,

it is ordered that the defendant pay into the Court Clerk, the sum of $30.00 per month, beginning on the 15th day of April 1949, and to be disbursed by the Clerk to the plaintiff, Nell Thomas Kirk, for the support and maintenance of the two minor children. And you take exceptions to the judgment?"

In this the trial court erred. He did not find, as a fact, that defendant was the father of defendant's children. He held that defendant was estopped to deny his fatherhood. Nowhere in this record did plaintiff plead estoppel.

By a long line of decisions this court has consistently held to the following rule stated in Blakeney v. Home Owners' Loan Corporation, 192 Okla. 158, 135 P. 2d 339:

"An estoppel must be pleaded in order to enable a party to avail himself of it on the trial, and must be pleaded with particularity in order to constitute either a cause of action or a defense."

In our opinion in Edwards v. Central Life Assurance Society, 179 Okla. 584, 66 P. 2d 939, we said:

"But in sustaining plaintiff's motion for a directed verdict, the court disregarded the issue upon which the case was tried and based its judgment on the law of estoppel. The plaintiff made no request of the court that its petition or reply be considered amended to conform to the facts, nor was the issue of estoppel otherwise affirmatively pleaded. It is well settled that estoppel must be sufficiently pleaded before it becomes available to the party relying thereon."

Plaintiff says that the judgment for divorce in the case at bar is not void on the face of the judgment roll; that the court had jurisdiction of the parties and the subject matter; and that the judgment has become final and is conclusive upon the parties unless attacked directly by petition as in the statutes provided. She cites Crowther v. Schoonover, 130 Okla. 249, 266 P. 777; Town of Watonga v. Crane Co., 189 Okla. 184, 114 P. 2d 941; Gray v.

Gray, 57 Okla. 667, 157 P. 730; Reese v. Reese, 128 Kan. 762, 280 P. 751, and other cases.

Such authorities are of no avail here since we hold that the case must be reversed by reason of error occurring in the proceedings subsequent to the judgment.

Plaintiff says that defendant was the father of plaintiff's children and that the court found he was the father, and cites Gambill v. Gambill, 132 Okla. 302, 270 P. 557, where the court allowed child support in a case where there was ample evidence to support the finding of the court as to parenthood, and this court would not disturb that finding.

The Gambill case is not applicable here for the reason that in that case there was a legal marriage. The Gambill case did not involve a situation where one of the parties had a living undivorced spouse at the time of marriage of the parties.

Since the Mexican decree was null and void, the undisputed evidence revealed that plaintiff and defendant were never legally married. We hold that the trial court was without jurisdiction to make or enforce an order for child support of children born out of wedlock, under the facts of this case.

The judgment is reversed, with directions to dismiss plaintiff's application for citation.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ., concur.