In re LAYMAN'S ESTATE.

LAYMAN v. LAYMAN et al.

No. 35383.    March 10, 1953.

*254 P. 2d 784.*

White & Parris, Eufaula, for plaintiff in error.

Brown, Brown & Brown, McAlester, for defendants in error.

WILLIAMS, J. In December, 1949, J. H. Layman died while owning certain lands in McIntosh county, Oklahoma.

On January 15, 1950, an instrument purporting to be his last will and testament dated April 15, 1938, was admitted to probate in the county court of that county.

On October 16, 1950, certain heirs of J. H. Layman filed a "Contest of Will After Proof of Will" and presented a purported holographic will dated August 20, 1949. After due hearing, the county judge entered judgment on November 20, 1950, admitting to probate the said holographic will and canceling the previous order admitting the will of April 15, 1938, to probate.

On July 2, 1951, two heirs, hereinafter called contestants, filed a petition for contest of will after probate.

On July 21, 1951, an heir, hereinafter called respondent, filed a special appearance and plea to the jurisdiction in said contest proceeding.

A supplemental petition to contest will after probate was filed by contestants on August 10, 1951, and on August 31, 1951, the county court sustained the plea to the jurisdiction and dismissed the contest.

Contestants thereafter appealed to the district court where, after hearing was had as provided by law, the order of the county court was reversed, and the cause was remanded to the county court for further proceedings therein.

From the last-mentioned judgment of the district court, respondent has appealed to this court.

In support of his contention that the plea to the jurisdiction should be sustained, respondent (plaintiff in error) in his brief argues the allegations of error under three propositions which we will consider in the order presented.

The first contention is that the petition for contest of will shows on its face that it is insufficient to confer jurisdiction upon the court, because it does not comply with the requirements of 58 O.S. 1951 §61, which sets out the conditions under which a contest of will after probate may be filed.

The pertinent parts of said section are as follows:

"When a will has been admitted to probate, any person interested therein may at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved, a sworn petition in writing

containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

"1. That a will of a later date than the one proved by the decedent, revoking or changing the former will, has been discovered, and is offered, or,

"2. * * *

"3. * * *

"4. That the former will was not duly executed or attested."

This contention cannot be sustained, since a reference to said petition reveals that the contestants alleged therein the discovery of new evidence since the probate of the holographic will; that the material facts of such evidence were set forth therein; and that such allegations of evidence state that a codicil to the holographic will canceling it and republishing the will of April 15, 1938, had been found, and that said petition further alleges that the holographic will was not duly executed and attested as provided by law. The requirements of the cited section of the statute were therefore satisfied.

The next contention is that contestants are estopped from attacking the validity of the holographic will because they accepted benefits thereunder. However, respondent did not plead the defense of estoppel in the court below, and this court has held many times estoppel must be pleaded to be available as a part of a cause of action or defense. See Holt v. Holt, 23 Okla. 639, 102 P. 187; Blakemore v. Johnson, 24 Okla. 544, 103 P. 554; Blakeney v. Home Owners' Loan Corporation, 192 Okla. 158, 135 P. 2d 339; Kirk v. Kirk, 205 Okla. 482, 238 P. 2d 808.

The third contention of respondent is that under the terms of 58 O.S. 1951 §67, the proceedings were filed too late and the county court was without jurisdiction to hear and determine the matter. It does not appear that this court has ever had occasion to pass upon this specific question.

In passing, we take note of the fact that there apparently is a conflict between sections 61 and 67 of Title 58 O.S. 1951. Section 61 provides for a period of one year within which to file a contest of will after probate. Section 67 formerly provided the same time limitation, but in 1951 it was amended to shorten the period to only six months. In such cases, the rule is that the last expression of the Legislature will govern, as shown in the following quotation from Creek County v. Robinson, 114 Okla. 163, 245 P. 584:

"Where two statutes cover the same subject and the statute last adopted is repugnant to and irreconcilable with the provisions covering the same subject in the first statute, the latest expression of the Legislature will govern."

For an identical syllabus by the court, see City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 P. 1058.

This section (67) was apparently adopted by our Legislature from the compiled laws of Dakota, 1887. It appeared in the Revised Laws of Oklahoma, 1910, as follows:

"If no person, within one year after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

The 1951 Legislature of this state amended this section of the statute, changing it to read as follows:

"If no person, within six (6) months after the probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed."

In the case at bar, the holographic will was admitted to probate on November 20, 1950. At that time, the law provided that contests after probate must be filed within one year. On May 26, 1951, the law was changed so as to allow only six months for a contest after probate. As stated hereinabove,

the petition for contest of will after probate was filed on July 2, 1951. As is readily seen, the amended statute, if retrospective in effect, and if retroactive to November 20, 1950, date of admission of will to probate, took away contestants' right to contest the will as soon as it became effective (May 26, 1951). The question, then. is whether the amended section of the statute is retrospective or merely prospective, as applied to the case at bar.

Respondent bases his argument on this question on the general rule of law stated in the following quotation:

"No person has a vested right in any particular mode of procedure, and if, before the trial of the cause, a new law of procedure goes into effect, it governs, unless the statute itself provides otherwise." Independent Cotton Oil Co. v. Beacham, 31 Okla. 384, 120 P. 969.

Brief of contestants (defendants in error) suggests that an answer to said argument may be found in Clark v. Kansas City, St. L. & C. Ry. Co., 219 Mo. 524, 118 S. W. 40. The following language from that decision is quoted with approval by the Supreme Court of Oklahoma in Shelby-Downard Asphalt Co. v. Enyart, 67 Okla. 237, 170 P. 708:

" 'In this country, the general rule seems to be, in accordance with the English, that statutes pertaining to the remedy, i.e., such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, *nor either directly nor indirectly destroy all remedy whatever for the enforcement of the right,* are retrospective, so as to apply to causes of action subsisting at the date of their passage.' ***" (Emphasis supplied.)

By inference from the above, it would seem that statutes should not be construed so as to have retroactive or retrospective effect where such a construction would destroy a right of action entirely, as in the case at bar. However, further portions of this opinion obviate the necessity of our passing directly herein upon either that question; or the question of whether the statute in question deals altogether with procedural law or whether the granting of time to file a contest bestows a substantive right; or whether the contentions made by contestants, if successful, would amount to a deprivation of rights without due process of law.

We hold that the general rule that statutes are presumed to be prospective only, unless a contrary intent appears, is applicable in the case at bar. Such seems to be the majority view as reflected by decisions from other jurisdictions.

In the California case of In re Venners' Estate, 119 Cal. App. 417, 6 P. 2d 544, involving a practically identical set of facts, the court said:

"Right to contest probate of will is not barred until six months have elapsed after effective date of statutory amendment reducing time to institute contest. * * *"

In that case the "petition to revoke probate of will" was filed a little over eight months after the probate of the will, but less than four months after the statute had been amended to shorten, from one year to six months, the period within which to commence proceedings to "revoke" the probate of a will.

See, also, In re Whiting's Estate, 110 Cal. App. 399, 294 P. 502, which quoted with approval the following language from Swampland District v. Glide, 112 Cal. 85, 44 P. 451:

"But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action; and when a change in the statute is made during the time of its running, that time is not a credit to the defendant, under the new law. The whole period contemplated by the new law must elapse to bar the action. * * *"

In Ferguson v. Ferguson, 169 Va. 77, 192 S. E. 774, the Supreme Court of Virginia said:

"A suit, filed within two years after probate of will, to contest it was not

barred by subsequent amendatory act changing limitation period from two years to one year."

On the question of the general rule as to the interpretation of statutes, see 50 Am. Jur., Statutes, §478, wherein it is stated:

"The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict construction against a retrospective operation, and indulge in the presumption that the Legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively."

On this same question, we find the following language used in 59 C. J. Statutes, §694:

"Statutes are presumed to be prospective only in their operation, rather than retrospective, or retroactive, unless the contrary clearly appears. * * *"

We hold that 58 O.S. 1951 §67, as amended, is prospective only, and that the time within which contestant might contest the holographic will in question after probate had not expired when his contest was filed.

The judgment of the district court overruling the plea to the jurisdiction is affirmed, and this cause is remanded to such court for further proceedings not inconsistent herewith.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.