**Don A. HASSE, Administrator of the Estate of Frances Hasse, deceased, Appellant,**

v.

**AMERICAN PHOTOGRAPH CORPORATION, a corporation, Appellee.**

**No. 6781.**

United States Court of Appeals Tenth Circuit.

Jan. 26, 1962.

John S. Marsalek, St. Louis, Mo. (Alfred B. Knight and Knight & Wilburn, Tulsa, Okl., on the brief), for appellant.

William F. Kyle, Tulsa, Okl. (Hudson, Hudson, Wheaton & Kyle, Tulsa, Okl., on the brief), for appellee.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSON, District Judge.

LEWIS, Circuit Judge.

This appeal tests the jurisdiction of the trial court over the person of the appellant and requires a determination of whether an amendment to the Oklahoma long-arm statute allowing service of process upon a non-resident, 47 O.S.A. §§ 391–403, has retroactive effect, and, failing an affirmative holding on that issue, whether jurisdiction of the person was obtained in the case by appellant's claim to affirmative relief lodged against the plaintiff. Rules 12, 13, F.R.Civ.P., 28 U.S.C.A.

The suit originated as a claim for damages for wrongful death brought in the Northern District of Oklahoma by Jo Anna Thompson White, a resident of Texas, against American Photograph Corporation. Plaintiff asserted that her husband had been killed in an automobile accident as the result of the negligence of Frances Hasse, an employee of the defendant corporation acting in the course of her employment. Subsequently the defendant corporation filed a third party complaint in which a right to indemnity was asserted against appellant

as administrator of the estate of Frances Hasse. Mrs. Hasse had also been killed in the accident.

The appellant administrator, a Missouri resident, was served with process in accordance with the Oklahoma nonresident motorist statute, 47 O.S.A. §§ 391–403, by service upon the Oklahoma Secretary of State and the mailing of a copy of the summons by restricted registered mail. He answered, pleading that the court was without jurisdiction, denying the allegations of the complaint, and cross-complaining against the plaintiff White for damages resulting from Mrs. Hasse's death. The court reserved ruling on jurisdictional issues and permitted the matter to go to jury trial.

The jury returned a verdict in favor of the plaintiff and assessed damages at $41,583.00 and found no cause of action on appellant's cross complaint. Thereafter, the judgment was satisfied by American Photograph Corporation, appellee, and the court granted it judgment against the appellant on its cross complaint. The trial court found it had jurisdiction over the person of appellant to render this latter judgment but did not indicate the basis of jurisdiction.

The accident occurred on March 17, 1959, and the third party complaint was filed June 21, 1960. Between those two dates, the Oklahoma non-resident motorist statute was amended by the addition of two sections providing specifically for service upon the executor or administrator of a non-resident motorist who dies prior to suit or after the commencement of suit.[1] The amendment was effective May 19, 1959.

The Oklahoma Supreme Court has not had particular occasion to consider the application of 47 O.S.A. § 391(d) to causes of action arising before the effective date of that addition to the state's non-resident statute. That court has, however, rejected the contention that a resident who subsequent to the accident became a non-resident could be served under the statute. Clendening v. Fitterer, Okl., 261 P.2d 896. The basic reasoning of the case can be extended to that in Schaeffer v. Alva West & Co., 53 Ohio App. 270, 4 N.E.2d 720, 722:

"* * * The nonresident could act under the section by operating his automobile in the state or refuse to so operate it. If he chose to operate his car within the state, he thereby designated the secretary of state as his agent to act for him in accepting service of process from a state court with jurisdiction in an action growing out of the collision wherein his automobile was involved. This was a delegation of an agent by conduct. Such section, however, could not be retroactive in effect because the nonresident would not be amenable to its jurisdictional provision until after he had constituted the secretary of state his agent to accept service of process."

A further guide to the instant problem is contained in the language of Hayes Freight Lines v. Cheatham (Okl.) 277 P.2d 664, 666, 48 A.L.R.2d 1278:

"The nonresident motorist statute of Oklahoma, 47 O.S.1951 § 391 et seq. imposing a contractual obligation on nonresident motorists who use the highways of this State for the operation of their motor vehicles is in derogation of the common law and affects substantial rights so that the statutes cannot be

---

1. 47 O.S.A. § 391:
"* * * (d) Where such nonresident has died prior to the commencement of an action brought pursuant to this section, service of process shall be made on the executor or administrator of such nonresident in the same manner and on the same notice as is provided in the case of the nonresident himself.

"(e) Where an action has been duly commenced under the provisions of this section by service upon a nonresident who dies thereafter, the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper."

extended by implication but must be strictly construed. * * * "

■ This language appears to answer the contention that the statute should be regarded as strictly procedural under Oklahoma law and calls for the application of the frequently announced rule that statutes will not be interpreted to have a retrospective operation unless the clear language of the act requires it, Franklin v. Sovereign Camp, W.O.W., 145 Okl. 159, 291 P. 513; In re Layman's Estate, 208 Okl. 174, 254 P.2d 784. Such an interpretation is in accord with the rulings of courts which hold that non-resident motorist statutes affect substantial rights and cannot be applied retroactively. See Wood v. White, 68 App. D.C. 341, 97 F.2d 646, cert. den. 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541; Monacelli v. Grimes, 9 Terry 122, 48 Del. 122, 99 A.2d 255; Cassan v. Fern, 33 N.J. Super. 96, 109 A.2d 482; Guerra De Chapa v. Allen (D.C.Tex.), 119 F.Supp. 129; Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6; Clouse v. Andonian, D.C.Ind., 189 F.Supp. 78; Paraboschi v. Shaw, 258 Mass. 531, 155 N.E. 445; Hartley v. Utah Const. Co., 9 Cir., 106 F.2d 953. Contra: Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673.

Accordingly, it is apparent that Oklahoma, consistent with the majority of courts interpreting their non-resident motorist statutes, adheres to a strict construction and regards the statute as creating rights and obligations which are not retroactive absent a clear expression by the legislature. Since the statute is framed in terms of contractual concepts, the deceased could not contemplate that her estate would be subjected to substituted service at the time she "consented" to personal service upon her "agent," the secretary of state. This is the type of obligation which the Oklahoma court has refused to enforce and we conclude that the service of process was insufficient to bring appellant within the jurisdiction of the court.

■ As an alternative ground asserting that jurisdiction existed as a basis for the subject judgment, appellee contends that lack of jurisdiction of the person was waived by appellant by the entry of a cross complaint against the plaintiff. Such contention has immediate appeal as being in harmony with the general purposes of Rules 12 and 13, F.R.Civ.P., to avoid piecemeal pleading and adjudication. However, closer analysis indicates that such a result is obtained only by sacrificing appellant's right to the essence of fair play. Due to the intricacies of pleading, appellant's claim to affirmative relief against the plaintiff did not arise under the label of counterclaim but, ignoring form, amounts to the same thing and, as such, meets the definition of a compulsory counterclaim under Rule 13 (a). To hold that the defense of lack of jurisdiction of the person is waived by asserting a compulsory counterclaim would do violence to the purpose of Rule 12 in negativing the necessity of special appearances. A cogent analysis of the philosophy of the Rules of Civil Procedure on this aspect of pleading appears in Barron & Holtzoff, Federal Practice and Procedure, 1A, § 370.2, p. 535:

"Other decisions have held that the assertion of a counterclaim is a waiver today just as it would have been prior to the rules. The language of Rule 12(b), when carefully analyzed, does not seem to the contrary. The rule says, in relevant part: 'Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third party claim, shall be asserted in the responsive pleading thereto * * *. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.' It seems reasonably clear that in this passage the word 'counterclaim' refers back to 'claim for relief in any pleading,' rather than to 'defense,' and that a counterclaim is not a 'defense or objection' which may be asserted along with other defenses or objections without waiving them,

within the purview of the later sentence of Rule 12(b). This is not to say that assertion of a counterclaim is such a waiver. The rules are simply silent on the question. A good argument could be made that finding a waiver in such circumstances is contrary to the general philosophy of the rules, but such an argument should be addressed to those who recommend amendments to the rules. Since the rules are silent the former doctrine, that there is such a waiver, must be held to have continued vitality.

"What has been said so far deals only with the situation in which the counterclaim is permissive, and where there is some justice in saying that defendant, by voluntarily invoking the jurisdiction of the court on his counterclaim, must be held to have waived his objections to jurisdiction or venue. To apply such reasoning to compulsory counterclaims would be quite a different matter, since there defendant has no choice but is coerced into asserting his claim as a counterclaim. Even here there would be no constitutional bar to saying that such an assertion is a waiver of the jurisdictional challenge. But to find waiver in these circumstances seems something less than fair play, and it is not required by the precedents prior to the rules, where a compulsory counterclaim was unknown. Thus there is merit in those cases which have drawn a distinction, and which have held that the assertion of a compulsory counterclaim is not a waiver of other defenses and objections joined with it."

Since appellant had no alternative but to submit his claim against the plaintiff along with his defense to appellee's complaint we hold that such compulsion did not constitute a waiver of his jurisdictional defense. See Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, D.C.N.Y., 23 F.R.D. 654; Baltimore & O. R. Co. v. Thompson, D.C.Mo., 80 F. Supp. 570, aff'd 8 Cir., 180 F.2d 416; cf. Hook & Ackerman, Inc. v. Hirsh, D.C. D.C., 98 F.Supp. 477; North Branch Products, Inc. v. Fisher, D.C.D.C., 179 F.Supp. 843; Globig v. Greene & Gust Co., D.C.Wis., 193 F.Supp. 544.

The judgment is reversed.