**Curtis H. FOX et al., Appellants,**

**v.**

**George OVERTON and Robert Cronk, Appellees.**

**No. 46768.**

Supreme Court of Oklahoma.

April 15, 1975.

A. J. Schott, James M. Springer, Jr., Stillwater, for appellants.

Liebel & Shumake, by David S. Shumake, Oklahoma City, for appellee, George Overton.

IRWIN, Justice:

Appellants brought an action for damages allegedly resulting from appellees' breach of an oral contract to purchase corporate stock. The cause against appellee, Robert Cronk, was dismissed by the trial court. That dismissal is not challenged on appeal. The trial court sustained the demurrer of appellee-defendant, George Overton, to appellants' petition.

The Court of Appeals, Division No. 1, affirmed the judgment of the trial court. Appellant seeks certiorari.

Appellants alleged appellee, Overton, agreed orally "in the morning hours of March 20th to purchase all of the capital stock of Stillwater Pancake House, Inc., for $128,000.00; and that appellee was to take "possession at 6:00 o'clock a.m., on March 22, 1972." Appellants further alleged they closed their business on said date and time at the instance of the appellee; that five days later they learned the appellee did not intend to complete the sale; and as a result of closing their business, appellants lost it.

Appellants prayed for $128,000.00 actual and $50,000.00 punitive damages alleging that appellee's refusal to purchase at the agreed price was willful and fraudulent. The trial court sustained appellee's demurrer which specifically pleaded the statute of frauds.

On appeal appellants allege, inter alia:

(1) To allow the appellee to assert the statute of frauds as a defense would allow it to be used as an instrumentality to perpetuate fraud.

(2) The doctrine of equitable estoppel has survived the enactment of the

Uniform Commercial Code and is applicable in the instant case. (12A O.S.1971, § 1–103).

Appellants' position is that the statute of frauds as a defense is not available to appellee in the instant case. The purpose of the statute of frauds was explained in Joseph E. Seagram & Sons, Inc. v. Shaffer, 10 Cir., 310 F.2d 668 at 673 (1962), cert. den. 373 U.S. 948, 83 S.Ct. 1678, 10 L.Ed. 2d 704, where the Court said:

"The object of the statute of frauds is to prevent fraud and perjury in the enforcement of obligations, depending for their evidencing support on the unassisted memory of witnesses, by requiring certain designated contracts and transactions to be evidenced by a writing signed by the party to be charged and not for purpose of promoting fraud or aiding an individual in the perpetration of fraud. Wells v. Shriver, 81 Okl. 108, 197 P. 460." (1921)

The Federal Court said that in Oklahoma, citing 15 O.S.1951, § 136(4), the statute of frauds clearly applies to a contract for the purchase and sale of corporate stock. The above section was repealed by the Uniform Commercial Code. 12A O.S. 1971 § 10–102. 12A O.S.1971 § 8–319, relating to the Statute of Frauds, provides that a contract for the sale of securities is not enforceable by way of action or defense unless:

(a) in writing,

(b) delivery has been accepted or payment made,

(c) written confirmation of the sale has been received and written objection to the confirmation has not been sent within ten days, or

(d) the party to be held admits the existence of the contract and its terms.

Appellee has not admitted, within the meaning of § 8–319(d), the existence of the oral contract or its terms by his demurrer which specifically pleaded the statute of frauds as a defense. Appellants have made no allegation that delivery was accepted or payment made, or that written confirmation had been received and no objection sent within ten days.

Appellants' petition did not state a cause of action based on fraud. Fraud is alleged only in appellants' allegations relating to punitive damages where appellants alleged that appellee "willfully and fraudulently refused to complete said sale as agreed." This is a general allegation of fraud and alleges a conclusion only and is insufficient to state a cause of action based on fraud. In Finley v. Riley, 91 Okl. 58, 215 P. 950 at 951 (1923), we said:

"It is elementary that in pleading fraud the act constituting the fraud, or the circumstances from which a conclusion of fraud must be drawn, must be stated with particularity. A mere allegation of fraud without detailing the facts upon which the charge is predicated is a mere conclusion."

Also, appellants entire paragraph alleging exemplary damages is not relevant to the sufficiency of appellants' allegations because the sum of the remaining allegations is a cause in contract and punitive damages are not recoverable for a breach of an obligation arising from contract. 23 O.S.1971 § 9; Colby v. Daniels, 125 Okl. 202, 257 P. 298 (1927).

Appellants contend the doctrine of equitable estoppel is applicable in this case.

To avoid the harsh consequences which might follow from an inflexible interpretation of the statute of frauds, 12A O.S.1971 § 8–319, equity has evolved a doctrine of estoppel.

Appellants' petition contains no allegations whatsoever that appellee was estopped to deny the oral contract. Appellants simply alleged that they relied upon appellee's representations and the oral agreement and fulfilled their obligations under the oral contract.

In Kirk v. Kirk, 205 Okl. 482, 238 P.2d 808 (1951), the trial court found defendant was estopped to deny the parentage of two children. This Court held that this was er-

ror because the record did not disclose plaintiff pleaded estoppel. In that case we said:

"By a long line of decisions this court has consistently held to the following rule stated in Blakeney v. Home Owners' Loan Corporation, 192 Okl. 158, 135 P.2d 339: 'An estoppel must be pleaded in order to enable a party to avail himself of it on the trial, and must be pleaded with particularity in order to constitute either a cause of action or a defense.'

"In our opinion in Edwards v. Central Life Assurance Society, 179 Okl. 584, 66 P.2d 939, 941, we said: 'But in sustaining plaintiff's motion for a directed verdict, the court disregarded the issue upon which the case was tried and based its judgment on the law of estoppel. The plaintiff made no request of the court that its petition or reply be considered amended to conform to the facts, nor was the issue of estoppel otherwise affirmatively pleaded. It is well settled that estoppel must be sufficiently pleaded before it becomes available to the party relying thereon.' "

Since appellants did not plead estoppel, their contention on appeal that the trial court erred in sustaining appellee's demurrer to their petition on the grounds that appellee was estopped to deny the oral contract cannot be sustained.

In conclusion, appellants' action, as alleged, is based entirely on an oral contract which is unenforceable unless their pleadings are sufficient to avoid the defense of the U.C.C. statute of frauds, supra, alleged by appellee. Appellants' allegations are insufficient to avoid the statute of frauds. The trial court correctly sustained appellee's demurrer to appellants' petition.

Certiorari granted; Results of the decision of the Court of Appeals affirmed but said decision is vacated and judgment of the trial court affirmed.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.