**Sandy Kay DuVALL, Appellee,**

**v.**

**Wayne Leroy DuVALL, Appellant.**

**No. 47788.**

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 12, 1975.

Released for Publication by Order of Court
of Appeals Dec. 4, 1975.

Wm. W. Hood, Jr., Tulsa, for appellant.

REYNOLDS, Judge:

This is an appeal from a district court judgment finding that the defendant was the father of plaintiff's child and ordering the defendant to pay child support, attorney's fees and the debts of the parties. The defendant alleged that the court did not have jurisdiction to enter the orders after it found that no marriage existed.

Plaintiff filed a verified petition for divorce on January 23, 1974. She alleged that she and the defendant entered into a contract of marriage in June of 1969 and that a child was born to them on November 12, 1972. She requested the court to provide for support and custody of the child, to divide their property and to order the defendant to pay the debts of the parties and her attorney's fees.

The trial court found that no marriage existed between the parties. It further found that the defendant was the natural father of the child and ordered him to pay child support at the rate of $75.00 per month beginning July 15, 1974. The court ordered defendant to pay plaintiff's attorney a fee of $2,000. It also ordered each party to pay their own debts but the defendant was ordered to pay the debts of the parties incurred prior to filing of plaintiff's petition. Personal property was divided between the parties. Plaintiff did not appeal or file an answer brief.

Defendant appealed on the ground that the court did not have jurisdiction to order the payments or to determine paternity after it found that there was no marriage. He made no objection to the division of property. He cites *Whitney v. Whitney,* 192 Okl. 174, 134 P.2d 357 (1942); *Utley v. Rowe,* 192 Okl. 546, 138 P.2d 71 (1943); *Kirk v. Kirk,* 205 Okl. 482, 238 P.2d 808 (1951); and *Lancaster v. State ex rel. Harrod,* 426 P.2d 714 (Okla.1967).

The Supreme Court stated in the *Whitney* case:

"We are of the opinion that when it conclusively appears, as herein, or is adjudged on competent evidence that the relation of husband and wife never existed legally, the statutory power to adjust property rights, 12 O.S.1941 § 1278, has no application, but that the power to adjust such rights is equitable."

The court cited *Krauter v. Krauter,* 79 Okl. 30, 190 P. 1088 (1920) and *Tingley v. Tingley,* 179 Okl. 201, 64 P.2d 865 (1937).

The court then proceeded to hold that a contract made by the parties settling their property rights was binding because the doctrine of condonation does not apply when there is no valid marriage.

The authorities cited by defendant stand merely for the proposition that, absent a valid marriage, the court may not exercise the powers incident to divorce, such as the power to award alimony, child support or attorney's fees. The cases do not state that the court cannot adjust the equitable rights of the parties to property acquired and obligations incurred during their relationship. The Supreme Court exercised this equitable power in the *Whitney* case when it held that the contract was enforceable.

█ For reversal on this issue, defendant relies on the bare assertion that the court did not have jurisdiction to enter orders relating to the obligations of the parties. He makes no complaint that it would be inequitable for him to pay the debts or that there would be any hope of the court making a different determination on remand. As stated above, the court did have jurisdiction to adjust these rights; therefore the order of the trial court for defendant to pay the debts is sustained.

██ The orders commanding defendant to pay plaintiff's attorney's fees and child support are overruled because the power to enter these orders is incident to divorce. *Whitney, supra; Kirk, supra.* The Supreme Court stated in *Whitney,*

"Since there was no marital relation between the two, it was not proper for the trial court to allow the plaintiff an *attor-*

*ney's fee* to be taxed to *Whitney* as a part of the cost of the action." (Emphasis added.)

In the *Kirk* case, the Court stated:

"It is sufficient that the proof in this record shows that defendant was never legally divorced from his wife Carrie to establish that the trial court had no jurisdiction to grant the subsequent prayer for *child support,* which relief, under the pleadings in this case, could be granted only as relief incidental to the dissolution of a valid marriage." (Emphasis added.)

■ Defendant claims that the court did not have power to determine paternity because the issue of paternity is controlled by 10 O.S.1971, § 71 et seq. Careful study of the rather meager record provided reveals no indication that plaintiff's petition was amended to include a 10 O.S.1971, § 83 action to determine paternity as an alternative cause of action.

The Supreme Court, in *Lancaster, supra,* cited *Benson v. State ex rel. Evans,* 375 P.2d 958:

"It is well settled that bastardy proceedings are controlled absolutely by statute, and nothing can be done in said proceedings not ordained or sanctioned by the statutes."

Therefore, because plaintiff did not follow the statutory procedure, this finding may not be sustained. It is not the intention of this Court to preclude the plaintiff from instituting additional proceedings under 10 O.S.1971, §§ 71 or 83.

This case is affirmed in part, reversed in part and remanded with direction to the trial court to vacate the orders for child support and attorney's fees.

Affirmed in part; reversed in part; remanded with directions.

ROMANG, P. J., and BOX, J., concur.